In the Matter of the Claim of ALBIN PRIMUS, Respondent, against CONTINENTAL FORGE & TOOL COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1958.

*William F. Hanson* for appellants.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Jessie Sunshine* for claimant-respondent.

*Per Curiam.* Claimant was employed as a blacksmith and was injured March 5, 1945 when a forging hammer flew off striking him on the head. He suffered a fracture of the skull which required surgical intervention. He was totally disabled until November 5, 1945 when he returned to work, becoming a truck driver earning $60 a week.

The board fixed his average weekly wage prior to accident at $75.74 a week. An award for reduced earnings of $10 a week was made; and on July 30, 1946 a lump sum adjustment was approved by the board in the sum of $1,500 and the case closed.

The statute (Workmen's Compensation Law, § 15, subd. 5-b) provides that on such adjustment the case is deemed closed unless the board finds " there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment."

Almost four years after this, on March 14, 1950, a report was submitted by claimant's doctor which the board has treated as an application to reopen the lump sum adjustment and the board reopened the case and took further medical proof, including testimony on May 14, 1952. The case was adjourned from time to time to afford opportunity to claimant to produce a medical report (March, 1953) and on December 2, 1953, apparently in view of claimant's absence from the State, the Referee said that " If the claimant doesn't appear " the case " is to be " closed " without prejudice until his return to the jurisdiction."

The board has found that on January 25, 1955 the case was " reopened " on a medical report dated August 11, 1954, but the record before us shows a hearing held February 8, 1954 before the same Referee who had ruled the previous December the case " is to be " closed until claimant comes into the jurisdiction.

The February hearing certainly involved a consideration of the merits of the application to reopen. For example testimony was addressed as to the earnings of claimant; and it is not entirely clear from examining the record whether the case

was then regarded by the board as open or closed. The further proof was taken December 27, 1954 and January 24, 1955.

The board has held that the case was reopened in sufficient time to discharge the Special Fund of liability and to impose such liability as may be found on the employer and carrier.

In our view of the record there is no substantial evidence to support the decision to reopen. Moreover, there is no factual finding by the board of a " change in condition " or " in the degree of disability of claimant not found in the medical evidence ". The only factual finding on this subject is that the case was reopened on a medical report " indicating a condition not noted when the case was closed ".

This is not a finding of any fact other than that a report was filed indicating some opinion. The board is expressly required by statute to determine and to find a change in condition or in degree of disability " not found in the medical evidence " and therefore not contemplated at the time of settlement before it may direct the reopening of a lump sum settlement.

There is no such finding here; but if it had been made in due form by the board, it would not be supported by evidence. The medical reports were substantially the same after the case was reopened as when it was closed. In 1946 the medical reports show claimant suffered, among other things, dizziness, headaches, double vision.

His physician on reopening testified that although he had dizziness in 1946 his main complaint in 1950 was dizziness, and from claimant's description he felt the dizziness was more severe. The physician testified claimant " complained more " of the double vision: " that and the dizziness were the main complaints ".

The board argues on appeal that there is something new added, a " permanent " post-concussion syndrome, but it is obvious from the medical record that this is a group of symptoms essentially the same as when the case was closed. Neither the record nor the findings show a change in condition or that any part of the disability now claimed had not been observed medically in 1946 and thus " not contemplated " in the lump sum adjustment.

Even if this part of the decision could be upheld, the record would probably not sustain the discharge of the Special Fund. The first application to reopen (March 14, 1950) was about three and one-half years after the approval of the lump sum settlement on July 30, 1946.

The " last payment " of compensation for the purpose of computing the basis of the Special Fund's liability under section

25-a (after three years) is "the date" to which the "amount paid" in the lump sum settlement "would extend" if the award were made on the date the lump sum settlement was approved.

At $10 a week, which was fixed as the partial disability compensation rate at the time the lump sum settlement was approved, the extension would be 150 weeks, or to June, 1949, well within three years before the application of March, 1950 to reopen.

But we have seen that the board has found that the case, which it found had been reopened June 1, 1950, was again closed on February 15, 1954, and again reopened January 25, 1955. The board has failed to make a finding of the date of application to reopen it considers to be pertinent to its decision. It has found applications to reopen on both dates.

The appellants and the Special Fund, which is primarily concerned in this aspect of the case, both seem to argue as though the controlling date was the last reopening in 1955. If it was, we are of opinion that there is no substantial evidence to sustain the finding of the board that the lump sum settlement could be projected or extended as late as January 25, 1952, within three years before January 25, 1955. The theory that if the claimant enters a successful business and hence makes more money than he did before the settlement, the extension of the lump sum settlement is to run indefinitely without a Statute of Limitations and the board may reopen the case at any time, finds no warrant in the statutory language (§ 25-a, subd. 7).

The direction to the carrier to pay medical services is governed by the same principle and depends on whether the carrier is to be responsible for awards under the case as reopened.

The decision of the board reopening the case should be reversed, with costs to appellants against the Workmen's Compensation Board only.

FOSTER, P. J., BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decision of the board reopening the claim reversed, with costs to appellants against the Workmen's Compensation Board only.