JOHN J. MOLITOR, Employer-Appellant, v. CHARLES WILDER, Claimant-Appellee.

(*August* 15, 1963.)

STIFTEL, J., sitting.

*William F. Taylor* (of Morford, Young and Conaway) for Employer-Appellant.

*Edward J. Wilson* for Claimant-Appellee.

Superior Court for New Castle County, No. 3026, Civil Action, 1963.

STIFTEL, Judge.

Workman's compensation case. Employer and his insurance carrier appeal from decision of Industrial Accident Board reopening case in which a commutation or lump sum payment had been made.

Claimant was employed by John J. Molitor and injured his back on April 18, 1959, while lifting rafters from the ground to a roof. A compensation agreement was entered into and approved by the Board whereby the claimant received temporary-total benefits in the approximate amount of $5,220. Thereafter, an approved agreement was entered into determining permanent-partial benefits of $35 per week for 60 weeks, based on a determination that claimant suffered a 20% disability. Under the terms of the agreement, claimant was awarded the total of $2,079.88 for his permanent-partial disability. On December 6, 1961, on his application for commutation, he was awarded a lump sum of $1,029.88, which was the balance remaining from his original award for permanent-partial benefits discounted at the statutory rate to the then "present value".

Thereafter, claimant's condition deteriorated. Consequently, on October 3, 1962, claimant filed a petition for the review of benefits pursuant to 19 *Del. Code* § 2347, claiming that he has suffered a greater percentage of disability than the award originally granted. His employer moved the Board to dismiss the petition for review, arguing that it was without jurisdiction to consider claimant's request for additional benefits after he had been granted a commutation because of the language in the third paragraph of Section 2347, which provides that the right to review does not apply when there was "a commutation of payments under section 2358". The Board refused to dismiss the petition on this legal point and held a hear-

ing on the merits; and on January 23, 1963, made an award to claimant of additional benefits, expert witness fees and attorney's fees. The employer and its insurance carrier appeal this ruling of the Board, claiming that the Board had no statutory authority to review a compensation agreement after a commutation had been awarded.

Prior to 1955, 19 *Del. Code,* Section 2358, read as follows:

"§ 2358. *Commutation of compensation; discharge of liability*

"(a)  Upon application of either party, and on due notice to the other, the compensation contemplated by this chapter may be commuted by the Board at its present value when discounted at 5% interest, with annual rests, disregarding, except in commuting payments due under section 2324 of this title the probability of the beneficiary's death. Such commutation may be allowed if it appears that it will be for the best interest of the employee or the dependents of the deceased employee, or that it will avoid undue expense or hardship to either party, or that such employee or dependent has removed or is about to remove from the United States, or that the employer has sold or otherwise disposed of the whole or the greater part of his business or assets. It shall not be allowed for the purpose of enabling the injured employee or the dependents of a deceased employee to satisfy a debt created before the accident, other than a mortgage upon his or their home or household furniture.

"(b)  *Upon paying such amount, the employer shall be discharged from all further liability on account of the injury or death."* (Italics supplied)

On June 23, 1955, subsection (b), which provided that the employer be discharged from all further liability after

a commutation award, was repealed by the Legislature.

Prior to May 5, 1955, 19 *Del. Code,* Section 2347, provided as follows:

"On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred, or that the status of the dependent has changed, the Board may at any time, but not oftener than once in 6 months, review any agreement or award.

"On such review, the Board may make an award ending, diminishing, increasing or renewing the compensation previously agreed upon or awarded, and designating the persons entitled thereto, subject to the provisions of this chapter, and shall state its conclusions of facts and rulings of law. The Board shall immediately send to the parties, a copy of the award by personal delivery or by registered mail.

*"This section shall not apply to a commutation of payments under section 2358 of his title."* (Italics supplied)[1]

------

[1]On May 5, 1955, this section was amended by adding to the three paragraphs quoted above the following additional two paragraphs:

"Compensation payable to an employee, under the provisions of this chapter, shall not terminate until and unless the Board enters an award ending the payment of compensation after a hearing upon review of an agreement or award provided that no petition for review, hearing or an order by the Board shall be necessary to terminate the compensation where the parties to an award or an agreement consent to the termination. No petition for review shall be accepted by the Board unless it is accompanied by proof that a copy of the petition for review has been served by registered mail upon the other party to the agreement or award. Within five days after the filing of a petition for review, the Board shall notify each party concerned of the time, date and place scheduled for the hearing upon the petition.

"After the filing of a petition for review the compensation payable to an employee shall be paid by the employer to the Board. The Board shall retain the funds so paid until it enters an order upon the petition for review, after which it shall reimburse the employer or turn over the funds to the employee in accordance with the terms of the order."

This amendment plays no role here.

It is clear that prior to May 23, 1955, an employee who received a commutation pursuant to Sec. 2358(a) surrendered all future rights to review upon his receipt of the Board-approved lump sum payment. See 165 A.L.R. 9, 37, 63, 64. The question here is whether the amendment repealing subparagraph (b) of Section 2358 changed the law so as to give the claimant a right to review after receipt of commutation. The employer argues that the repeal of Sec. 2358(b) was simply a legislative step to omit surplusage from the Code since the claimant was still prevented from a review of a final award where commutation had been granted by reason of the third paragraph of Section 2347, which states that the review procedure shall not apply to commutation payments under Section 2358.

I now turn to a discussion of the problem.

The Workmen's Compensation Act became law on April 2, 1917. The first sentence of the second paragraph of 3193(t)., Section 113, became Section 2358(b) in the *Delaware Code* as it existed prior to repeal. The last clause in paragraph 3193, Section 110, became the third sentence of Section 2347 of the *Delaware Code* as it exists today. These remained the same and undisturbed until the repeal of Sec. 2358(b) in 1955.[2] They complemented one another. The Board made decisions on commutation without pointing out any ambiguity or surplusage as a result of the existence of the language in Section 2358(b). In fact, it was not unusual for the Board in its decisions approving commutation to state "the employer shall be discharged from all further liability on account of the

---

[2]The repeal of § 2358(b) was part of a Legislative Act consisting of many changes in the Workmen's Compensation Act which generally improved and increased the benefits to the employee. 50 Laws of Delaware, Chapter 339.

injuries sustained," *Dmytro Hnatyozyn v. United States Railroad Administration and P.R.R.*, (1921), Vol. 1, Delaware Workmen's Compensation Law Decisions (1918-1937), p. 65. It is unlikely that the Legislature in 1955 determined that the language contained in subsection (b), Sec. 2358, should be eliminated from the Act because it was unnecessary and merely surplusage, as this employer contends, and thus create an ambiguity which did not exist in the nearly 40 years it had remained in the law. If such was the intention of the Legislature, it could have so stated in a preamble to avoid the present ambiguity.

What, then, was the reason for the repeal? The repeal is meaningless without some reason and purpose. See 7 Llewellyn, Deciding Appeals (1960) p. 379.

The primary rule of the Compensation Act is that periodical payments shall be made; § 2360.[3] This rule is for the protection of the employee. Its purpose is to give the employee an income payable as his wages were paid and to preclude any possibility of an imprudent employee or dependent wasting the means provided for his support and thereby becoming a charge on society. *Eagle Fluorspar Co. v. La Rue*, 231 Ky. 757, 21 S.W.2d 1026; Schneider, Workmen's Compensation, Vol. 8, Sec. 1791, et seq. Commutation is not favored; it should only be granted after a showing of unusual circumstances (§ 2358), and where the reasons are sound and convincing. *Henry v. Laurel Lumber Co.*, Del. Workmen's Com-

---

[3] § 2360 reads as follows:

"§ 2360. Installment payments of compensation

"Except as otherwise provided in this chapter, all compensation payable under the compensatory provisions of this chapter, shall be payable in periodical installments, as the wages of the employee were payable before the accident. The Board may, however, having regard to the welfare of the employee and the convenience of the employer, authorize the monthly or quarterly payment of compensation, instead of weekly."

pensation Law Decisions (1918-1937), p. 356; Anno.: 69 A.L.R. 547; 58 Am.Jur., Workmen's Comp. § 548.

Supposedly, an employer was relieved of all further responsibility, under the Delaware Act, after a lump sum payment because after he had surrendered the funds, he had lost his practical right to review under Section 2347 to later ask for a reduction in the amount of compensation to be paid to the employee because of the employee's subsequent decrease of disability. However, the result of this statute at times worked a hardship on the employee, who could least afford to bear it, when his disability increased, since the employer was no longer responsible and the employee lost all right to review. See *Globe Indemnity Co. v. Lankford*, 35 Ga.App. 599, 134 S.E. 357. The Legislature must have been cognizant of this hardship.

Many jurisdictions permitted a review by the employee after commutation. *Armstrong Tire & Rubber Co. v. Franks*, 242 Miss. 792, 137 So.2d 141; *Primus v. Continental Forge & Tool Co.*, 7 A.D.2d 178, 180 N.Y.S.2d 992; 165 A.L.R. 9, 37. The repeal of § 2358(b) was an attempt by the Legislature to rectify the pre-existing hardship which was present in many cases where the original evaluation of the disability was too low and, in this respect, to bring this state's Compensation Act in line with the more liberal jurisdictions. See 100 C.J.S. Workmen's Compensation § 650; 99 C.J.S. Workmen's Compensation § 351. The Legislature inadvertently attempted to handle the problem by a mere repeal of § 2358 (b) without disturbing the pertinent language of § 2347. However, it is not logical, under the circumstances, for the Legislature to have repealed the section discharging the employer from all further liability after a commutation and at the same time to have intended to deny to the employee the right to reopen his case after a commu-

tation, since the only way an employer could be held further financially responsible would be after a reopening and an additional award in favor of the employee oy the Board. The denial of a subsequent review after commutation and the removal of the further liability bar by the repeal of § 2358(b) are not harmonious. It follows, therefore, that the Legislature intended by the repeal of § 2358 (b) to permit a review. and that this had the effect of repealing by implication the third paragraph of § 2347.

■ Even though implied repeals are not favored in the law. *State for Use of Davis v. Adams*, 3 Terry 54, 27 A.2d 401, they must be recognized where the paramount objective of the Legislature is otherwise denied. It should not be presumed that the Legislature intended a result that would make the purpose of the repeal largely ineffective. *Cf. E. I. Du Pont De Nemours & Co. v. Clark*, 32 Del.Ch. 527. 88 A.2d 436. 438. Here, this repeal can have no meaning unless the Legislature intended to eliminate freedom from liabilitv of the employer by permitting a review under § 2347, as is true in any other award. I so conclude.

PER CURIAM.

The judgment of the Court below is affirmed. *Wilder v. Molitor, Del.Super.,* 195 A.2d 549 (1963).