196 A.2d 214 (1963)
COMMERCIAL CREDIT CORPORATION, Plaintiff,
v.
Edward F. SWIDERSKI, Defendant.
Superior Court of Delaware, New Castle.
December 30, 1963.
Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.
Samuel R. Russell, and Charles K. Keil, of Herrmann, Bayard, Brill & Russell, Wilmington, for defendant.
*215 DUFFY, President Judge.
Swiderski moved for reargument of the Court's opinion on the counterclaim; he argues that he is entitled to a larger judgment based upon both actual and minimum statutory damages.
As to actual damages, the only evidence of fair value at the time of repossession is found in the bids made by third persons. The various other figures argued by Swiderski, and they are many, all flow from the initial transaction between the parties which took place some ten months before repossesion. Considering the record as a whole, I conclude that Swiderski has not shown actual damages.
As to statutory damages, Swiderski argues that under 6 Del.C. § 925, "one-fourth of the sum of all payments which have been made under the contract" includes the fair value of the automobile ($1,900) at the time of repossession. I have already held that payments under the contract include the trade-in value of an automobile given at time of purchase, the cash down payment, and all payments made after purchase. It seems to me that this is as far as the Court should go in applying the penalty section of the statute. I conclude that Swiderski is not entitled, for penalty purposes, to have the value of the automobile seized in repossession because of his default considered as if it were a payment made by him under the contract. There is nothing in the statute which requires this, and a reasonable application of the penalty provision precludes it. Swiderski's motion for reargument is denied.