■ In the Matter of the Claim of SAMUEL T. McKINNEY, Respondent, v ALLIED CHEMICAL CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 22, 1975. Claimant, Samuel McKinney, sustained a compensable knee injury while working for appellant Allied Chemical Corporation. On October 18, 1971, an award was made including schedule amounts for temporary total and permanent partial disability. On November 8, 1973 the case was reopened to consider, *inter alia,* whether the cost of surgery performed in September, 1973 on the injured knee could be recovered by claimant. The referee found that claimant was entitled to the surgery costs, and the board affirmed that part of the referee's award. Appellants now challenge the board's decision on the ground the case should not have been reopened and, in any event, the surgery costs were not recoverable since the surgery was nonemergency and no prior permission for it was obtained from the insurer by claimant. The only authority cited in appellants' brief for the proposition that the board improperly reopened the case is *Matter of Primus v Continental Forge & Tool Co.* (7 AD2d 178). That case involved a nonschedule adjustment pursuant to subdivision 5-b of section 15 of the Workmen's Compensation Law which provides, in pertinent part: "in any case * * * in which the continuance of disability and of future earning capacity cannot be ascertained with reasonable certainty, the board may * * * approve a non-schedule adjustment agreed to between claimant and the employer or his insurance carrier * * * any such adjustment shall be regarded as a closing of the claim unless the board find upon proof that there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment." In the case at bar the award was entirely as per schedule. The lump sums paid claimant were merely advancements on future periodic schedule payments to become due to him. Thus, *Matter of Primus v Continental Forge & Tool Co. (supra)* is entirely inapposite. The board's continuing authority over schedule awards set out in section 123 is broad and was not exceeded in this case. As to whether the appellant carrier could properly be ordered to pay for the September, 1973 surgery, even though the carrier had not authorized it, the board in its decision dated May 22, 1975 explained the basis of its order. "The carrier failed to deny authorization for surgery within five days [of claimant's request] pursuant to Board Medical Rule 4, and therefore carrier is liable for payment of bills for surgery performed." Appellant carrier concedes it waited over a month to deny authorization, and it does not on this appeal challenge the validity or applicability of rule 4 (12 NYCRR 325-1.4). Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.