**PHOENIX STEEL CORP.,**
**Employer-Appellant,**

v.

**Cyril M. BRINZO, Claimant-Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted May 11, 1978.

Decided May 16, 1978.

Stephen P. Casarino of Tybout & Redfearn, Wilmington, for employer-appellant.

James P. D'Angelo, Wilmington, for claimant-appellee.

O'HARA, Judge.

Claimant, Cyril Brinzo, suffered an industrial accident on May 17, 1967. As a result, a partial amputation of his right foot had to be performed. Thereafter, claimant's employer, Phoenix Steel Corp. ("Phoenix Steel"), made total disability payments to him over a period of several years in accordance with a compensation agreement. On August 13, 1975, Phoenix Steel filed a petition for review of the agreement. Prior to that time, on June 2, 1975, claimant had filed a petition for commutation of the compensation payments. The two matters were heard jointly by the Industrial Accident Board ("Board") which denied the employer's petition to terminate benefits and granted claimant's petition for commutation. The decision was appealed to this Court which remanded the case to the Board on the issue of termination and reserved judgment on commutation pending the Board's decision on the remand. On November 7, 1977, the Board reinstated its prior decision and the employer again appealed.

The employer has requested that the Court decide the commutation issue and withhold decision on the question of termination until further briefing can be made. The Court has agreed to the suggested procedure. Accordingly, this is the Court's decision on the commutation issue.

■ The commutation of disability benefits is governed by 19 Del.C. § 2358.[1] This Court has interpreted the language of the statute to mean that commutation, "should only be granted after a showing of unusual circumstances (§ 2358), and where the reasons are sound and convincing." *Molitor v. Wilder*, Del.Super., 195 A.2d 549 (1963), aff'd, Del.Supr., 196 A.2d 214 (1963). The Board having granted commutation, the only function of this Court on appeal is to determine whether there was substantial evidence to support the decision. *Food Crafts, Inc. v. Santiago*, Del.Supr., 300 A.2d 2 (1972).

Due to his deteriorated physical and mental condition the claimant was unable to testify at the Board's hearing. His wife, however, testified at length on the need for a commutation of benefits. The couple was living in an area which had become run down. The apartment they rented was too small for their needs and did not have facilities for washing clothes. Because of the decline in the neighborhood, the couple lived in fear that their mail including their income checks, would be stolen. Furthermore, the couple's income was barely sufficient to meet their debts. Consequently, the wife, at times, was forced to forego medical treatment. In addition to the above, it was also indicated that the couple might be eligible for increased Social Security payments if they no longer received the periodic disability payments.

Phoenix Steel has argued that the claimant was mistaken in his belief that he would be entitled to increased Social Security payments if a commutation were granted. The employer further alleges that it was this fact alone which persuaded the Board to permit commutation.

■ A fair reading of the record, however, does not lead to the conclusion that the Board granted a commutation solely to allow the claimant to receive increased Social Security benefits. The claimant did not place undue emphasis on the fact that he would be entitled to such an increase. It was merely one factor urged in conjunction with several others. Nor is the Board's decision based on that assumption. In evaluating the testimony the Board merely stated, "We find that commutation will lessen both the economic and emotional hardships endured by the claimant." Even if the Board had totally ignored the Social Security issue, the other testimony alone would be sufficient to support a grant of commutation.

1. Section 2358 provides in pertinent part:
   "Such commutation will be allowed if it appears that it will be for the best interest of the employee or the dependents of the deceased employee, or that it will avoid undue expense or hardship to either party, . . . ."

In *Ware v. Baker Driveway, Inc.*, Del.Super., 295 A.2d 734 (1972), aff'd, Del.Supr., 303 A.2d 358 (1973)[2], a Board decision granting commutation benefits to a claimant who needed funds to start a new business was upheld. There it was emphasized that the establishment of a business enterprise might help to rehabilitate the claimant, whose physical and mental condition was eroding.

 Surely the circumstances under which Cyril Brinzo and his wife lived were no less serious. The Court sees no reason why an elderly couple should be forced to live in a run down neighborhood, face the danger of having their income checks stolen, have to travel by bus to wash their clothes, and forego recommended medical care. The commutation of benefits would allow the couple to solve all of these problems. Accordingly, the Court concludes that the Board's decision was proper and must be affirmed.

IT IS SO ORDERED.

---

**2.** A portion of the holding in *Ware v. Baker Driveway, Inc.*, supra, was subsequently overruled by the Delaware Supreme Court in *Beam v. Chrysler Corporation*, Del.Supr., 332 A.2d 143 (1975). Nevertheless, on the issue of commutation, *Ware* still appears to represent the law of Delaware.