**PHOENIX STEEL CORPORATION,**
Employer, Appellant,

v.

**Cyril M. BRINZO, Claimant, Appellee.**

Supreme Court of Delaware.

Submitted July 9, 1979.

Decided Aug. 3, 1979.

Stephen P. Casarino and Colin M. Shalk, of Tybout & Redfearn, P.A., Wilmington, for employer, appellant.

James P. D'Angelo, of D'Angelo & Ciconte, Wilmington, for claimant, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

In this case arising under the Workmen's Compensation Act, the Industrial Accident Board denied the employer's petition to terminate benefits and granted the claimant's petition for commutation of benefits. See 19 *Del.C.* § 2358. On appeal, the Superior Court ordered a remand for clarification of the Board's ruling as to termination.

After remand, the Board denied the employer's motion to continue a scheduled hearing and reaffirmed its prior rulings. Thereafter, when the case was returned from remand, the Superior Court, on request by the employer, deferred a ruling on the termination issue and reviewed only the Board's commutation of the award. The Court approved the Board's order of commutation, 389 A.2d 269 (1978), and, on appeal, this Court affirmed. 399 A.2d 534 (February 16, 1979). The Superior Court later affirmed the Board's ruling denying the employer's petition to terminate benefits.

The employer has appealed from the Superior Court's most recent order, contending that the Board abused its discretion in denying the motion for a continuance of the hearing, and that the Board erred in determining that the claimant was a "displaced" person.

The claimant has moved, pursuant to Rule 25(a), to affirm the judgment of the Superior Court on the ground that it is manifest on the face of the employer's brief that the appeal is without merit. We have concluded that the motion should be granted.

As to the first contention, the Board did not abuse its discretion in denying the request for continuance of a hearing scheduled at the employer's request. See Board Rule 12(b) which requires timely notice of a request for a continuance. Here, the application was made on the date of the hearing.

On the issue of the claimant's status, there is evidence in the record to support the Board's finding that he is a displaced worker, cf. *Hensley v. Arctic Roofing, Inc.,* Del.Supr., 369 A.2d 678 (1976); *Ham v.*

*Chrysler Corp.,* Del.Supr., 231 A.2d 258 (1967); and the employer failed to meet its burden under *Franklin Fabricators v. Irwin,* Del.Supr., 306 A.2d 734 (1973), of showing that work within his capability is available.

\* \* \* \* \* \*

Affirmed.