William KEITH, Claimant-Appellant,

v.

DOVER CITY CAB COMPANY, Employer-Appellee.

Superior Court of Delaware, Kent County.

Submitted Jan. 30, 1981.
Decided Jan. 30, 1981.

A. Richard Barros, Ronald J. Prisco, Brown, Shiels & Barros, Dover, for claimant-appellant.

Robert W. Ralston, Prickett, Jones, Elliott & Kristol, Wilmington, for employer-appellee.

BUSH, Judge.

Claimant, William Keith, is appealing a decision of the Industrial Accident Board (Board) disallowing in part his claim for permanent injury benefits for loss of equilibrium. The employer, Dover City Cab Company, filed a cross-appeal on the denial of its petition to terminate claimant's total disability benefits. Employer also appeals the award, including attorney's fees, of per-

manent disability benefits for loss of hearing.

Claimant was injured in a motor vehicle accident while in the employ of Dover City Cab. He sustained an injury to his inner ear which caused him to have problems with his hearing and equilibrium. Upon seeking medical assistance for his problems, it was determined that claimant had suffered a concussion to his labyrinths. The labyrinths are very delicate instruments within the inner ear that control both hearing and equilibrium. The areas controlling each function are separated.

As a result of his injury, claimant was paid compensation for his temporary total disability under 19 *Del.C.* § 2324. Once in 1977 and then again in 1979, Dover City Cab filed a petition with the Board seeking to terminate claimant's temporary total disability benefits. Consequently, claimant, along with his answer to the 1979 challenge to his benefits, cross-petitioned the Board under 19 *Del.C.* § 2326 for an award for permanent loss of equilibrium and permanent loss of hearing.

After a hearing the Board decided to deny claimant's petition for loss of equilibrium, concluding as a matter of law that loss of equilibrium does not constitute a loss of a part of the body under 19 *Del.C.* § 2326(g).

Thus, the first issue before this Court is whether a loss of equilibrium due to an injury to the inner ear constitutes a "loss of any member or part of the body or loss of use of any member or part of the body" under § 2326(g).

Recoveries under § 2326(g) have been had for loss of internal organs such as kidneys or bladder, *Ware v. Baker Driveway, Inc.,* Del.Super., 295 A.2d 734 (1972); for loss of teeth, *Alloy Surfaces Company v. Cicamore,* Del.Super., 221 A.2d 480 (1966); and for the loss of one testicle, *Chrysler Corporation v. Chambers,* Del.Super., 288 A.2d 450 (1972).

In *Burton Transportation Center, Inc. v. Willoughby,* Del.Supr., 265 A.2d 22 (1970), it was held that under § 2326(g)

the term 'part of the body' is intended to refer to some specific identifiable member or organ of the body, and should not be stretched to include a general condition of psychosis or neurosis.

The employer argues that loss of equilibrium is not a loss of 'part of the body' under the above standard. Instead, it is asserted the claimant's condition is more closely comparable to the unlocalized traumatic condition rejected in *Burton.*

In a case following *Burton, Ramey v. Delaware Materials, Inc.,* Del.Supr., 399 A.2d 205 (1979), which the employer cites as controlling, the Delaware Supreme Court disallowed a claim for dizziness that resulted from a strap striking the claimant between the eyes. The Board awarded benefits for a general "brain disability" under § 2326(g), notwithstanding the fact that there appeared to be no specific injury to any part of the body. The Board held that a general condition of traumatic neurosis is not compensable per se under § 2326(g). The basis of the holding was that the "brain disability" could not be linked with a specific part of the body.

The case at bar is clearly distinguishable on its facts from *Ramey* in that the loss of equilibrium here was the result of a specific physical injury to the inner ear and not merely the result of a general condition of neurosis or psychosis. The claim from permanent disability for the loss of equilibrium resulting from an injury to the inner ear is not, as the employer argues, based on a general condition but is a specific injury to an identifiable part of the body. As such, this Court holds that the Board erred in refusing to award claimant benefits under 19 *Del.C.* § 2326(g) for loss of use of a 'member or part of the body', namely, the inner ear.

The employer's first argument in support of its cross-appeal is that the Board was without substantial evidence in awarding permanent disability benefits to the claimant under § 2326(f) for his forty per cent permanent loss of hearing. The employer asserts that the only witness produced by the claimant to substantiate his loss of hearing, Dr. Spruenken, provided contradictory statements on the cause of that injury.

In his deposition, Dr. Spruenken testified that it was his opinion that claimant's hearing loss predated the industrial accident. In a later deposition, the doctor testified that he believed there was a causal relationship between the hearing loss and the accident. Neither the doctor in his testimony nor the Board in its written opinion offered any reason or explanation for this inconsistency.

■ In reaching its decisions, the Board has a statutory obligation under § 2345 to "state its conclusions of fact and rulings of law." When a Board decides not to expressly state certain findings, the courts are capable of inferring from the Board's conclusions what the underlying findings must have been. On these occasions, a remand for further proceedings would simply be an unnecessary formality. *Board of Public Education in Wilmington v. Rimlinger*, Del. Supr., 232 A.2d 98 (1967).

■ However, the Board indicated in its decision that it had read the two depositions, and considered the testimony of other witnesses. This Court finds there was substantial evidence to support the Board's award of permanent disability benefits.

The employer next argues that the Board should have terminated claimant's total disability benefits under § 2324. Employer asserts it has proven that claimant's total disability has ceased on the basis of the doctor's testimony that claimant could still hold some limited form of employment.

■ The term, "total disability", as used in § 2324 is not to be equated with utter helplessness. *M. A. Hartnett, Inc. v. Coleman*, Del.Supr., 226 A.2d 910 (1967). It has been defined as a disability which prevents an employee from obtaining employment commensurate with his qualifications and training. *Sears, Roebuck & Co. v. Bigelow*, Del.Super., 251 A.2d 573, rev'd on other grounds, Del.Supr., 260 A.2d 906 (1969). Similarly "total disability" has been described as the type of disability where an employee is unable to perform any services other than those which are so limited in quality, dependability or quantity that a

reasonably stable market for them does not exist. *M. A. Hartnett, Inc. v. Coleman, supra.* Thus, the doctor's testimony in this case regarding claimant's ability to hold some form of limited employment does not require a finding that claimant is no longer totally disabled.

■ The employer also argues that the evidence is insufficient to support the Board's finding of total disability. In reviewing the sufficiency of the evidence in support of the Industrial Accident Board's factual findings, the court's inquiry is to be limited to determining whether there is substantial evidence to support its findings. *General Motors Corp. v. Veasy*, Del.Supr., 371 A.2d 1074 (1977). A review of the evidence relied on by the Board in finding that claimant was still entitled to total disability benefits, shows that Dr. Spruenken testified on the subject of claimant's job capabilities after the accident. He related that the claimant could not go back to his former job of driving a cab and also could not bend over, lift anything over five pounds or engage in any sedentary job requiring good hearing. Furthermore, claimant testified that he would at times get dizzy while sitting down and that he attempted to get a job at numerous establishments but was unsuccessful because of his condition. Therefore, this Court holds that the Board's finding that claimant was totally disabled was amply supported by the evidence.

The final issue on employer's cross-appeal concerns the Board's awarding of attorney's fees. The employer questions the reasonableness of these fees. Under § 2127(a) the Board has the authority to award reasonable attorney's fees, taxed as costs against the employer, "in an amount not to exceed thirty per cent of the award or $2,250, whichever is smaller." Employer asserts that the Board awarded attorney's fees to claimant prior to receiving his attorney's affidavit supporting his fees, and that the Board merely quoted the statutory language without seriously considering the reasonableness of the fee.

It can be seen that no effort was made to identify the factors considered in determining the reasonableness of the attorney's fees and when this occurs the courts should not be compelled to speculate as to what they were. *Bagley v. Phoenix Steel Corp.*, Del.Supr., 369 A.2d 1081 (1977). Mere paraphrasing of the statutory language is insufficient because the Court must determine in all cases whether the Board's findings are supported by substantial evidence. Therefore, on remand the Board should reassess attorney's fees on the basis of the claimant's attorney's affidavit and, more importantly, specifically enunciate the reasons for the amount it awards.

Accordingly, this Court has determined that:

(1) the Board's decision concerning claimant's permanent injury compensation pursuant to § 2326(g) for his loss of equilibrium must be reversed;

(2) the Board's decision awarding permanent disability benefits under § 2326(f) for claimant's forty per cent permanent loss of hearing must be affirmed;

(3) the Board's decision to continue claimant's total disability benefits under § 2324 must be affirmed; and

(4) the Board shall reassess their award of attorney's fees with reasons in support thereof.

IT IS SO ORDERED.