Stanley E. KLEIN, Claimant (Appellee Below), Appellant,

v.

CARGILL, INC., Employer (Appellant Below), Appellee.

Supreme Court of Delaware.

Submitted: Feb. 13, 1984.

Decided: May 17, 1984.

Thomas J. Stumpf (argued), Georgetown, for appellee below-appellant.

Colin M. Shalk (argued), of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellant below-appellee.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

HERRMANN, Chief Justice:

This is an appeal from the Superior Court's reversal of a decision of the Industrial Accident Board ("the Board") regarding the date disfigurement compensation payments begin.

I

Stanley E. Klein ("Klein") was injured in a compensable accident in 1977. In September, 1977, Klein entered into a Compensation Agreement with his employer, Cargill, Inc. ("Employer") for total disability. In January, 1981, Klein filed a Petition to Determine Disfigurement. On March 27, 1981, the Board awarded compensation for disfigurement based upon 285 weeks. Upon appeal by the Employer, the Superior Court affirmed the Board's award by Order dated March 11, 1982, concluding that Klein was entitled to interest "from the time of the award of the Board."

Thereafter, the Employer tendered to Klein a Compensation Agreement and a check in the amount of $18,951.08. In arriving at the amount, the Employer included all compensation which had accrued between March 27, 1981, the date of the

award, and the date of tender, plus interest. The Employer indicated that the balance of the award would be paid on an installment basis as provided by 19 *Del.C.* § 2360. Klein refused the Employer's tender and requested the Board to reopen the case for the purpose of determining the disfigurement fixation date and ordering compensation due as of that date.

Over the Employer's objection, the Board reopened the case on the ground that it had "inadvertently" omitted the maximum healing date from its March 27, 1981 decision. Upon review of the transcript, the Board found that the information needed to determine the maximum healing date had been elicited at the original hearing. Based on that information, the Board made a supplemental ruling that the date of fixation was in August, 1978, and that compensation payments were due to commence as of August 31, 1978.

In denying the Employer's motion for reargument, the Board reiterated its conclusion that "the transcript of the prior hearing is part of the claimant's record and [the Board] can refer to it to correct what it felt was a mere oversight in its last opinion."

Upon appeal, the Superior Court reversed the Board's supplemental ruling and ruled in favor of the Employer.

## II

In reversing the decision of the Board, the Superior Court concluded that in reopening its March 27, 1981 award after the conclusion of the appeal therefrom by the Superior Court on March 11, 1982, the Board decided the date of the disfigurement issue in an unauthorized post-appeal proceeding as to which the Board lacked jurisdiction. We agree.

■ The record shows that Klein requested the reopening of the Board's award after the time for appeal from the March 27, 1981 decision of the Board had elapsed. An award of the Board is final and conclusive unless an appeal has been taken within 20 days. 19 *Del.C.* § 2349. The Employer appealed from the Board's March 27, 1981 award, but Klein did not. The Employer's initial appeal divested the Board of jurisdiction over the case during the course of the appeal. *Moore v. Moore,* 51 Del. 258, 144 A.2d 765 (1958). Upon the Superior Court's affirmance of the Board's initial award and in the absence of a remand, the Board was without authority to reopen its earlier award.

Klein contends that the Board did not change its initial opinion wholecloth in violation of jurisdictional dictates, but only exercised its inherent power to supplement or explain ambiguity which had arisen from its own inadvertent omission.

■ We find that the Board's modification of its initial award constituted more than supplementation or explanation. As the Superior Court noted, there is no statutory or judicial authority for the Board's amended finding as to the date disfigurement compensation payments begin.* If Klein wished to adjudicate that issue, it could have been properly raised upon motion for reargument or appeal from the Superior Court's conclusion that Klein was entitled to interest "from the time of the award by the Board."

There must be an end to litigation. Any inherent power of the Board to correct inadvertent omission or error may not contravene that central principle of our adversary system. *See* Larson, *Workmen's Compensation Law,* § 81.53(b).

Having found that the Board was without jurisdiction to reopen its initial award, we do not reach any other issue raised by the parties.

\* \* \*

Affirmed.

---

* 19 *Del.C.* § 2350(c) provides:
 "If the decision of the Board is affirmed by an appellate court, the employee shall be entitled to all compensation plus interest at the legal rate from the time of the award by the Board."