Robert JENNINGS, Employer-Appellant,

v.

Preston HITCHENS, Claimant-Appellee.

Superior Court of Delaware,
Kent County.

Submitted: Nov. 1, 1984.
Decided: Dec. 21, 1984.

H. Clay Davis, III, of Davis & McGroerty, P.A., Georgetown, for employer-appellant.

John J. Schmittinger and Philip E. Herrmann of Schmittinger & Rodriguez, P.A., Dover, for claimant-appellee.

RIDGELY, Judge.

This is an appeal by Employer-Appellant Robert Jennings ("Employer") from a decision of the Industrial Accident Board ("Board") that denied Employer's application for leave to deposit funds pursuant to 19 *Del.C.* § 2359 in full satisfaction of an award previously entered pursuant to an agreement between Claimant-Appellee Preston Hitchens ("Claimant") and the Employer. Employer further appeals the Board's award of attorney's fees to Claimant.

I.

As the result of a compensable industrial accident that rendered Claimant hemiplegic, Claimant and Employer entered into an agreement that was approved by the Board on December 20, 1982. The relevant terms of this agreement provided for a judgment by confession against Employer, who was uninsured, in the amount of $58,562.16. This sum represented the then present value of total disability payments only for the remainder of Claimant's lifetime. Employer is obligated to pay $83.33 per week for Claimant's lifetime, and in the event of default, the full amount of the judgment immediately becomes due with interest at the legal rate, plus reasonable attorney's fees and costs. In the event of Claimant's death, the judgment is to be marked satisfied, provided the weekly payments are current. The confessed judgment has been entered in this Court in Kent and Sussex Counties as a lien on Employer's real property.

Employer sought approval of the Board pursuant to 19 *Del.C.* § 2359 [1] for a plan to deposit funds in full satisfaction of the December 20, 1982 agreement. The Em-

---

**1.** 19 *Del.C.* § 2359 provides as follows:

Payment of award to bank in trust for employee or dependents.

(a) At any time after the entry of the award or after the filing of the agreement for compensation, a sum equal to all future installments of compensation may be leave of the Board where death or the nature of the injury renders the amount of future payments certain be paid by the employer to any savings bank or trust company approved by the Board which is chartered and doing business in this State and has an office in the county in which the award was entered. Such sum, together with all interest arising from the investment thereof, shall thereafter be held in trust for the employee, or his dependents, who shall have no further recourse against the employer.

(b) Payment by the employer pursuant to subsection (a) of this section shall operate as a satisfaction of the award or agreement as to the employer.

(c) Payments from the fund established pursuant to subsection (a) of this section shall be made by the trustee on orders from the Board in the same amounts and at the same periods as are required of the employer in this chapter. If, after liability has ceased, any balance of the fund remains, it shall be returned to the employer who deposited it, on a signed order of the Board.

ployer's proposal involved the sale of certain real estate that was subject to the judgment lien in order to pay off federal tax liens of $70,000. The Employer's net proceeds would be $20,000, and he intended to borrow the difference in order to place $56,000 (the estimated present value of the total disability benefits) in trust with Sussex Trust Company. The bank would then pay Claimant $83.33 per week until Claimant's death or termination of total disability, whereupon any balance would revert to Employer.

After noting that Employer was seeking to revoke the prior Stipulation and Order, the Board refused to approve Employer's application because the fund would not provide sufficient security to secure the payment of all medical and possible death benefits to Claimant in addition to total disability benefits.

## II.

Pursuant to 19 *Del.C.* § 2344, the December 20, 1982 Stipulation and Order remains "final and binding" unless modified under 19 *Del.C.* § 2347.[2] *American Consumer Indus., Inc. v. Fehl*, Del.Super., 391 A.2d 224 (1978). No statutory ground for modification was presented, and the Board lacked jurisdiction to modify the previous order. *Klein v. Cargill, Inc.*, Del.Supr., 477 A.2d 710 (1984). The Employer argues that 19 *Del.C.* § 2359 permits the Board in its discretion to approve the deposit of funds in satisfaction of his obligation. I conclude that this section is unavailable to Employer under the facts of this case.

Section 2359 is not available to an Employer unless all of these elements are present:

1. An award must already have been entered or an agreement for compensation must have been filed;
2. Death or the nature of the injury must render the amount of future

payments of compensation certain; and

3. The amount to be paid to an approved bank or trust company with an office in the county in which the award was entered must equal all future installments of compensation.

The burden is upon the Employer to show by a preponderance of the evidence to the Board that this section is available. Cf. *Lawson v. Chrysler Corp.*, Del.Super., 199 A.2d 749 (1964). Upon such a showing, the Board in its discretion may approve the payment in trust for the employee or his dependents "who shall have no further recourse against the employer." 19 *Del.C.* § 2359(a).

There is no dispute that an agreement had been previously filed, but the parties do dispute the scope of their agreement. Employer argues that the agreement contemplates by its terms only the payment of total disability benefits. Claimant argues that the judgment pursuant to the agreement secures not only total disability benefits, but also medical bills and any other type of compensation applicable. The Court need not resolve the scope of the agreement for purposes of this appeal because it is clear that the Employer did not carry his burden of proof regarding the certainty of the amount of future payments of compensation.

In the present case, the record shows the Claimant to be a hemiplegic. Claimant's counsel contended that his client may also be entitled to additional compensation for increased permanent injury and medical expenses. Additionally, Claimant's counsel argued that Claimant's dependents may be entitled to death benefits. The contention by Claimant that the extent of all of his future compensation remained uncertain was not disputed by the Employer before the Board.

---

**2.** 19 *Del.C.* § 2347 permits review by the Board of agreements or awards "on the ground that the incapacity of the injured employee has sub-

sequently terminated, increased, diminished, or recurred, or that the status of the dependent has changed."

Section 2359 contemplates a rare arrangement whereby the Employer may transfer *all* of his liability under the Workmen's Compensation Act to a trust established for the benefit of an employee. The statute specifically provides that "[s]uch sum, together with all interest arising from the investment thereof, shall thereafter be held in trust for the employee, or his dependents, *who shall have no further recourse against the employer.*" 19 *Del.C.* § 2359(a). (emphasis added) As one court has stated in its interpretation of a trust arrangement under a statute with a similar limitation upon the employee or his dependents:

> "Further liability of the employer immediately ceased upon the payment to the trustee, and the rights of the beneficiary and the employer were finally determined. The employee must look entirely to the fund in the hands of the trustee for compensation." *Employers' Mutual Liability Insurance Company v. Empire National Bank & Trust Company,* Minn.Supr., 192 Minn. 398, 256 N.W. 663, 665 (1934).

This explains the certainty of future compensation requirement, which serves to protect an employee from the hardship of not having any recourse for benefits to which he would otherwise be entitled under the Act.

I, therefore, find the decision of the Board that denies Employer's application pursuant to 19 *Del.C.* § 2359 to be supported by substantial evidence and to be free from legal error. Under such circumstances, the decision must be affirmed by this Court. *Dallachiesa v. General Motors Corporation,* Del.Super., 140 A.2d 137 (1958); *General Motors Corp. v. Veasey,* Del.Supr., 371 A.2d 1074 (1977).

---

**3.** Rule 24(c) of the Industrial Accident Board provides as follows:

"(c) The Claimant's attorney shall file with the Board and serve upon the other party at the time of the hearing a completed affidavit regarding attorneys' fees, said affidavits shall be reviewed by the Board so as to assist it in

### III.

Employer next argues that the Board erred in awarding attorney's fees to Claimant in the maximum amount of $2,250.00 because (1) he demanded and did not obtain a separate hearing as to the attorney's fees, and (2) the award was in disregard of the usual considerations as enunciated in *Huff v. Industrial Accident Board,* Del. Super., 430 A.2d 796 (1981).

■ In this case, the Claimant's attorney submitted an affidavit to the Board. The affidavit stated that the initial contact with Claimant was 2/18/77, that 18.2 hours had been spent in preparation for the hearing, and that a fee of $2,250 was requested if Employer's application was rejected or modified. Claimant's counsel stated at the hearing that he only sought $1,421.08 in the event an alternative proposal of Claimant regarding a trust was approved by the Board. Board Rule 24(c)[3] requires objections to be raised at the time of the hearing. Counsel for Employer requested another legal hearing regarding attorney's fees without explanation to the Board of the need for a continuance. On this record I find no abuse of discretion by the Board in denying this request. *Phoenix Steel Corporation v. Brinzo,* Del.Supr., 405 A.2d 678 (1979).

Concerning the award of attorney's fees, the sole reason stated by the Board for the maximum award of $2,250 was that there would "otherwise, be a financial hardship on a blameless Claimant who seeks to require an Employer to carry out the prior Stipulation and Order of this Board."

■ The factors to be considered in the award of counsel fees to a claimant in a Workmen's Compensation case have been enumerated by the Delaware Supreme Court in *General Motors Corporation v.*

awarding a reasonable attorney's fee in those cases where attorney's fee may be awarded to the Claimant. Objections, if any, to the contents thereof will be heard by the Board during a summation of the Employer's or the Carrier's attorney."

*Cox,* Del.Supr., 304 A.2d 55 (1973). The reason given here by the Board for the award only explains the *authority* for the Board to award attorney's fees in the absence of an award of compensation pursuant to *Acme Super Saver v. Finocchiaro,* Del.Super., 83A–MR–15, Walsh, J. (April 4, 1984). The decision of the Board fails to identify the factors considered in determining the *reasonableness* of the attorney's fees awarded, and this Court should not be compelled to speculate as to what they were. *Keith v. Dover City Cab Co.,* Del. Super., 427 A.2d 896, 900 (1981); *Bagley v. Phoenix Steel Corp.,* Del.Supr., 369 A.2d 1081, 1083 (1977). Claimant contends that Employer waived any objection to the award of counsel fees at the hearing. The record clearly indicates an objection, albeit a general one, and Employer may not fairly be charged with a waiver at the hearing of the Board's failure *in futuro* to identify the factors considered in determining the reasonableness of the attorneys' fees actually awarded. This Court cannot properly exercise its function on appeal without an adequate statement of findings by the Board. *Barnes v. Panaro,* Del.Supr., 238 A.2d 608, 610 (1968). A remand is necessary for the Board to reassess its award of attorney's fees with reasons for its conclusion. *Keith v. Dover City Cab Co., supra.*

The decision of the Board denying Employer's application pursuant to 19 *Del.C.* § 2359 is affirmed, and the award of attorneys' fees is reversed and remanded to the Board for further proceedings consistent herewith.

IT IS SO ORDERED.