GEORGE A. HENDRICKSON *vs.* CONTINENTAL FIBRE COMPANY.

(*December* 13, 1926.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*John Biggs, Jr.*, and *C. L. Ward, Jr.*, for plaintiff.

*Harry P. Joslyn* and *George N. Davis* for defendant.

Superior Court for New Castle County, May Term, 1926. No. 149, September Term, 1925.

RODNEY, J., delivering the opinion of the Court:

At the oral argument and on the elaborate brief of the defendant only two causes of demurrer were argued at length, so we propose to confine our specific treatment to those two causes. It has been argued at length (1) that the diseases contracted by the plaintiff were "personal injuries" sustained by the plaintiff during the course of his employement by the defendant and, as such, are cognizable under the Workmen's Compensation Act, and that since such act is the exclusive remedy for matters cognizable by it, that this commonlaw action can not be maintained.

The demurrer admits the well pleaded allegations of the declaration, so we do not propose to wander beyond the statements of the narr taken in connection with our Workmen's Compensation Act.

The provisions of the *Revised Code of* 1915, as amended,

known as the Workmen's Compensation Act, essential to 'a determination of this branch of the case are:

*Sec*. 3193a. *Sec*. 94: This Act shall   \*   \*   \*   apply to all accidents occurring within this state.

*Sec*. 3193d. *Sec*. 97: "Every employer and employee shall be conclusively presumed to have elected to be bound by the compensatory provisions of this article and to have accepted the provisions of this article, respectively, to pay and to accept compensation for personal injury or death by accident arising out of and in the course of the employment, regardless of the question of negligence and to the exclusion of all other rights and remedies, unless prior to such injury or death either party shall have given notice to the other party in the time and manner hereinafter specified.   \*   \*   \*   "

*Sec*. 3193rr. *Sec*. 137: "The terms 'injury' and 'personal injury' as used in this article, shall be construed to mean only violence to the physical structure of the body and such disease or infection as naturally results directly therefrom when reasonably treated.   \*   \*   \*   "

*Sec*. 3193ss. *Sec*. 138: "The term 'personal injury sustained by accident arising out of and in the course of the employment:'   \*   \*   \*   (C) It shall not include a disease or infection, except as it shall result from the injury when reasonably treated."

Turning to the declaration, we find that the plaintiff was employed by the defendant for six months prior to April 20, 1925, in the manufacture of fibre tubes; that the defendant caused the plaintiff to work with certain chemicals and as the result thereof by a gradual and cumulative effect of the chemicals and by reason of the imperceptible attrition of the tissues the plaintiff became afflicted with certain diseases. That the plaintiff became affected with optic neuritis and atrophy of the optic nerve, and neuritis and atrophy of the olfactory and gustatory nerves as a consequence of which he has become totally blinded in the left eye and the vision of his right eye almost obliterated and that he has lost his sense of smell and taste.

The question for our determination is, are those damages within our Workmen's Compensation Act?

We propose to briefly examine the matter from two viewpoints: (a) To consider the proper construction of our own Statute and (b) to inquire how far such construction may be supported by the sound reasoning of other courts construing similar or analogous statutory provisions.

If we consolidate the several material sections of our Act,

substituting the statutory definitions for certain defined words themselves we find that the Act only purports to give compensation for such injury as is "a violence to the physical structure of the body sustained by accident and such disease or infection as naturally results directly therefrom when reasonably treated."

It is clear that, under the Statute, it is not every injury that is cognizable under the Workmen's Compensation Act for the Legislature was particular to limit compensation to those injuries which constitute a "violence to the physical structure of the body sustained by accident." This definition of the compensable injury is a compound expression; not only must the injury be a violence to the physical structure of the body but it must also be sustained by accident.

We know of no definition of "violence to the physical structure of the body" which would not include as an element thereof the application of force of some degree.

*Brintons, Ltd., v. Turvey, A. C.* (1905) 230, held that the contraction of anthrax was an "injury by accident." There was no provision in the English statute that the injury must do "violence to the physical structure of the body" and in discussing the cited case a learned writer has used disease as the very antithesis to a "violent alteration of the physical structure of the body." 25 *Harvard Law Rev.* 337.

Turning to the declaration we find in every count the allegation that "by reason of the gradual poisoning of the tissues of the said George A. Hendrickson and by reason of the gradual and cumulative effect of the said chemical or chemicals upon the tissues of the said George A. Hendrickson and by reason of the impreceptible attrition of the tissues the said George A. Hendrickson suffered divers illnesses and diseases," etc.

Not only is the cause of action in this case not alleged in terms to bring it within the Act but the jurisdictional element is expressly negatived in every count.

We are clearly of the opinion that the only diseases which are compensable under our Workmen's Compensation Act are diseases which arise from or can be referred to an antecedent violence or

application of force of some nature to the physical structure of the body. Traumatic diseases may be compensable under the Act—idiopathic diseases, those which exist of and by themselves and which are not referable to any violence to the physical structure of the body are not compensable under the Act.

This construction of the compensable injury within our Statute is made doubly sure by the provision that it must be "sustained by accident." Now, the word "accident" is not easy of comprehensive definition. Courts have differed as to its meaning dependent upon the context of particular statutes and a distinction is clearly drawn between an "accidental injury" and an injury "by accident." *Victory Sparkler & Specialty Co. v. Francks*, 147 *Md.* 368, 128 *A.* 635, 44 *A. L. R.* 363.

We shall confine ourselves in our consideration of an injury "sustained by accident" to one particular which is to us conclusive and as to which, so far as we are aware, all courts have agreed. There is involved in the proper idea of accident the element of suddenness or unexpectedness.

We have found no dissent from the basic principle that where an injury is only made compensable under the Statute when it is "sustained by accident" that it is only embraced within the Statute when it is or may be referable to a definite time, place, or circumstance. *Smith v. International, etc., Steel Co. (N. J. Err. & App.)*, 120 *A.* 188; *Cherdron Constr. Co. v. Simpkins*, 61 *Utah* 493, 214 *P.* 593; *Jeffreyes v. Sager Co.*, 198 *App. Div.* 446, 191 *N. Y. S.* 354; *Steel v. Cammell, etc.* [1905], 2 *K. B.* 232, 2 *Ann. Cas.* 142; *Liondale, etc., Works v. Riker*, 85 *N. J. Law* 426, 89 *A.* 929; *Wager v. White Star Candy Co.* (1926), 217 *App. Div.* 316, 217 *N. Y. S.* 173; *Eke v. Hart-Dyke* [1910], 2 *K. B.* 677.

Not only do all the authorities brought to our attention agree upon this necessary element of "accident," but the inclusion of such an element is induced and compelled by various sections of our own legislative act. These sections all compel some action to be taken at a specified time prior or subsequent to "an accident" showing that "an accident" must be a certain, fixed and definite event or occurrence from which time can be calculated.

*Section* 3193f, *par.* (b), requiring notice to be given·of an election not to be bound by the Act provides:

"Any such notice mentioned in this section shall be given thirty days prior to any accident resulting in injury or death."

*Section* 3193l, provides that the employer shall not be liable for compensation in case of injury to an employee unless the employer "shall have actual knowledge of the occurrence of the injury" or unless notice be given to the employer "within fourteen days after the accident." Other provisions cover cases where notice is given "within thirty days after the accident" and "within ninety days after the accident." The section further provides:

"Unless knowledge be obtained or such notice given within ninety days after the accident, no compensation shall be allowed."

*Section* 3193x requires an employer to make a report of all injuries to the Industrial Accident Board "within ten days after knowledge of the occurrence of an accident resulting in personal injury."

It must be noted, as argued on the helpful brief of the plaintiff, that the notice prescribed by each section of the Act is not required to be made a certain time prior or subsequent to an injury, but prior to or subsequent to "an accident."

It is apparent that in cases such as the one under consideration no notice as required by the Statute can be given. It is alleged that the disease was contracted not by violence to the physical structure of his body but slowly, gradually and imperceptibly due to the cumulative effect of the chemical.

We are of the opinion that all of the cited sections of the Statute contemplate an accident as an event happening at a certain time, or place, or fixed by a certain circumstance.

It is, indeed, an almost hopeless task to attempt to reconcile the cases which deal with disease as an "injury" cognizable by the Workmen's Compensation Acts of the various States. The entire matter being of statutory origin each case construes its own particular Statute and no case is of any value unless the variations of the Statute under consideration be kept in mind.

Some order may, however, be brought from the chaos of the great mass of cases by dividing the jurisdictions into certain classes:

1. Those States whose statutes provide compensation for an "injury" or "personal injury" with no qualification similar to the Delaware Act.

2. Those States whose statutes provide compensation for an injury "accidentally" sustained but with no further requirement similar to those in the Delaware Act.

3. Those States whose statutes more nearly resemble our Delaware Act.

1. The first class embraces such jurisdictions as California, Connecticut, Maine, Massachusetts, Michigan, Missouri, Montana, Ohio, Texas, Vermont, Wisconsin and Wyoming. The decisions of those States, while helpful, are not directly in point. It is significant, however, that even where the qualifying necessity that the injury should be sustained "by accident" is no part of the Statute yet a great majority of the cases hold that compensation must be limited to injuries by accident. *Adams v. Acme White Lead Works* (1913), 182 *Mich.* 157, 148 *N. W.* 485, *L. R. A.* 1916A, 283, *Ann. Cas.* 1916D, 689; *Jerner v. Imperial Furniture Co.* (1918), 200 *Mich.* 265, 166 *N. W.* 943; *Miller v. American Steel Wire Co.*, 90 *Conn.* 349, 97 *A.* 345, *L. R. A.* 1916E, 510. In 1919 (after the Miller Case) the Statute was amended (*Laws Conn.* 1919, *c.* 142, § 18) to include occupational diseases and to exclude the necessity of a definite time or place as an essential for the inception of the injury. *Kovaliski v. Collins Co. (Conn.)*, 128 *A.* 288; *Peru Plow & Wheel Co. v. Industrial Commission* (1924), 311 *Ill.* 216, 142 *N. E.* 546.

In Ohio, while the court held that injuries were confined to injuries "by accident," the court said:

"Had the Legislature * * * desired to make plain its intention to exclude occupational disease * * * the exclusion could readily have been made by adding to the words, 'personal injuries,' the qualifying phrase, 'by accident.'" *Ind. Comm. v. Brown*, 92 *Ohio St.* 309, 110 *N. E.* 744, *L. R. A.* 1916B, 1277.

2. The second class of cases include generally speaking those allowing compensation for injuries accidentally sustained.

This class includes Illinois, Maryland, New York, West Virginia and Oklahoma.

We shall not pause to consider those cases further than to say that with the exception of Maryland the courts have uniformly held that an accident—that is an injury referable to a particular time—is essential in order that the matter might be within the compensation law. In Maryland the distinction is clearly drawn between the event itself (the accident) and manner of the happening of the event (i. e., accidental).

3. The third class of cases with Statutes analagous to our Delaware Act include Alabama, Arizona, Idaho, Indiana, Kansas, Kentucky, Louisiana, Minnesota, Nebraska, New Hampshire, New Jersey, New Mexico, Rhode Island, South Dakota, Tennessee, Utah, Virginia and Pennsylvania.

We shall content ourselves with the citation of a few authorities from the mass of those available which, we think, have reached the same conclusion reached by us. *Mauchline v. State Ins. Fund*, 279 *Pa.* 524, 124 *A.* 168; *Meade v. Starnes* (1922), 147 *Tenn.* 362, 247 *S. W.* 989; *Young v. Melrose*, 152 *Minn.* 512, 189 *N. W.* 426, 29 *A. L. R.* 506; *Iwanicki v. State I. A. C.*, 104 *Or.* 650, 205 *P.* 990, 29 *A. L. R.* 682; *Lough v. State I. A. C.*, 104 *Or.* 313, 207 *P.* 354; *Standard Cabinet Co. v. Landgrave*, 76 *Ind. App.* 593, 132 *N. E.* 661; *Bamberger Coal Co. v. I. C. of Utah (Utah)*, 240 *P.* 1103; *Ætna Life Ins. Co. v. Graham (Tex. Com. App.* 1926), 284 *S. W.* 931.

Most of the citations of the many cases construing the various acts are collected in 23 *A. L. R.* 335; 29 *A. L. R.* 682, 691; 44 *A. L. R.* 363, 371; *L. R. A.* 1916A, 29, 227, 289; *L. R. A.* 1917D, 103; 14 *N. C. C. A.* 842; 17 *N. C. C. A.* 342; 24 *N. C. C. A.* 635; *Ann. Cas.* 1914B, 495; *Ann. Cas.* 1915C, 919; *Ann. Cas.* 1916B, 1290; *Ann. Cas.* 1918B, 362.

In conclusion we may say that we must not be understood as holding that a disease is not compensable under our Delaware Act either as a resultant consequence of an antecedent injury by acci-

dent or as a constituent part of the accident itself. We are holding, under the facts of this case, that a slow, gradual, idiopathic disease unaccompanied by and unrelated to any injury by accident, as we have construed such terms, is not embraced within the terms or our Workmen's Compensation Law.

■ We shall now consider the only other cause of demurrer which was argued by the defendant. This cause of demurrer has already been ruled on by the court on a motion to strike the demurrer from the files but not having been reported and being again argued we will again consider it in connection with this opinion.

The defendant has demurred to the declaration because of the noncompliance by the plaintiff with *Section* 3193c *of the Revised Code of* 1915, as amended by *Chapter* 233, *Volume* 29, *Laws of Delaware*. This section provides:

"In any action at law contemplated by the last preceding section, the plaintiff shall be required to file with his declaration or other first pleading, a certificate of the Industrial Accident Board showing the status of the injured employee and his employer at the time of the injury, with respect to election or refusal of the employee and employer to be bound by the compensatory provisions of this article."

The preceding section, just referred to, provides:

"In any action instituted by any person whatsoever * * * to recover damages for personal injury sustained by an employee by accident arising out of and in the course of his employment within this state * * * or for death resulting from injury so sustained, it shall not be a defense:

"(a) That the injury or death was caused in whole or in part by the want of ordinary or reasonable care of, or by the negligence of, a fellow employee; or

"(b) That the employee had either expressly or impliedly assumed the risk of the injury; or

"(c) That injury was caused in any degree by the negligence of such employee. * * *""

It is further provided that this section shall not apply in certain cases.

It seems to us apparent that the purpose in filing the certificate mentioned in *Section* 3193c, "showing the status of the injured employee and his employer at the time of the injury, with respect to election or refusal of the employee and employer to be bound by the compensatory provisions of this article," is solely

for the purpose of determining whether or not the defenses mentioned in *Section* 3193b may be interposed by the defendant.

The defenses mentioned in *Section* 3193b which may or may not, under the circumstances, be interposed by the defendant, may roughly be termed: (a) Negligence of a fellow servant; (b) assumption of risk by an employee; (c) contributory negligence of employee.

By the express terms of the Act itself, it does not apply to cases: (1) Where the employee has elected not to be bound by the Act, or (2) where the employer has elected to be bound by the Act. Consequently, the specified defenses may be interposed in either of the two preceding cases.

Now it must be manifest that a person cannot elect to be bound or not to be bound by the Compensation Act unless that act would apply and be in force in case he should elect to be bound thereby.

*Section* 3193d *of the Revised Code* provides that the binding force of the Compensation Law when accepted shall be "to pay and to accept compensation for personal injury or death by accident arising out of and in the course of the employment."

We are clearly of the opinion that the certificate mentioned in *Section* 3193c is only required when the injury, accident or happening constituting the cause of action is cognizable by the Workmen's Compensation Law.

In other words, where the injury, accident or other happening is not cognizable by the Workmen's Compensation Law, there can be no election to be bound or not bound by that Act. Where there can be no election to accept or reject the compensatory features of the Compensation Law, no reasons for filing the certificate under *Section* 3193c can exist.

Having heretofore, in this opinion, decided that the cause of action declared on in this case is not cognizable by the Workmen's Compensation Board nor compensable under the Act, we are clear that there is no requirement for the plaintiff to file a certificate "showing the status of the injured employee and his employer at the time of the injury, with respect to election or refusal of

the employee and employer to be bound by the compensatory provisions of this article."

The demurrer is overruled.