ALBERT J. FALINE, Claimant, Appellant, v. GUIDO and FRANCIS DeASCANIS & SONS, Employer, Appellee.

(*June* 13, 1963.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*James J. Walsh* for appellant.

*William Prickett, Jr.,* for appellee.

Supreme Court of the State of Delaware, No. 5, 1963.

WOLCOTT, Justice.

This is an appeal from a judgment of the Superior Court reversing an award of the Industrial Accident Board to Faline by reason of a heart attack. The reversal by the Superior Court was upon the ground that there was no substantial evidence of a causal connection between Faline's work and his heart attack which fell within the category of an idiopathic disease unrelated to injury by accident.

We state the facts briefly.

Faline was employed as a carpenter. Gradually his responsibilities were increased until by 1958 he was employed not solely as a carpenter but, also, as foreman in charge of particular construction jobs. He was then called upon, on occasion, to deal with complaints by the owner and to authorize changes in the work.

In the summer of 1958 Faline's employer undertook to construct a house for DiMondi. This particular job was a difficult one from its inception due to the changing demands of the DiMondis. The resulting bickering and arguments put Faline under an emotional stress. In addition, as an economy, the house was being constructed with undressed used lumber which was of greater weight than the type ordinarily used, and required a greater than ordinary amount of dressing by the carpenter. It was difficult to work with.

On the day on which he suffered the heart attack for which he claims compensation, Faline was engaged in installing the framing for a lower ceiling in the kitchen of the DiMondi house. This was a change insisted upon by the DiMondis which had angered Faline. In the course of performing this work, Faline was required to mount and get down from scaffolding laid across trestles. He did this frequently.

While upon the scaffolding and while using a bar to draw out previously driven nails, he felt a severe pain in his chest, nausea and shortness of breath. His condition was such that he could not continue work. He went home and was hospitalized that night where his condition was diagnosed as a myocardial infarction. He has been unable to resume his former employment since his attack. For about a week prior to this attack Faline on occasion had been experiencing pain in his chest.

Faline, about two years prior to the heart attack for which he seeks compensation, had experienced chest pains. His family doctor to whom he described the pains considered them symptomatic of angina pectoris, and prescribed nitroglycerin tablets to relieve them. In addition, at various times Faline had been treated by his family doctor for nerves and a stomach ulcer.

At the hearing Faline called as witnesses his family doctor and a cardiac specialist who had been called into the case as consultant. These doctors gave the only medical testimony in the case.

We think the doctors are in fundamental agreement. They agree that Faline suffered from coronary disease which culminated in the myocardial infarction suffered by him on October 25, 1958. Coronary disease is the hardening of the coronary arteries with the consequent result that ultimately the flow of blood through one or more of the blood vessels will cease. When that occurs a heart attack takes place with resulting damage to the heart, itself. This, the doctors agreed, is what happened to Faline.

Both doctors agreed that Faline, irrespective of his physical exertions, as a result of the coronary disease from which he suffered would have had a heart attack within a short period of time. Faline's heart attack, in their opinion, was inevitable at or about the time it actually happened.

The only point of disagreement between the doctors, if indeed there was any real disagreement, was as to whether or not Faline's work was a precipitating factor of the heart attack. The cardiac specialist testified flatly that it was not, while the general practitioner testified that unusual physical exertion could be a possible triggering factor of a heart attack which was bound to occur within a short space of time by reason of the patient's coronary disease. However, there was no testimony whatsoever that any specific physical act of Faline was the trigger which set off his heart attack.

■ ■ We have this case on appeal from the Superior Court sitting in review of the award of the Industrial Accident Board. We therefore are limited to a review of the record made before the Board, and to an inquiry as to

whether or not there is evidence in the record to sustain the findings of the Board. If there is such evidence we are bound to affirm the award. *Belber Trunk & Bag Co. v. Menesy*, 8 Terry 595, 96 A.2d 341.

19 *Del. C.* § 2304, requires every covered employer to pay and every covered employee to accept "compensation for personal injury or death by accident arising out of and in the course of employment." Injury for which compensation must be paid and accepted is defined by 19 *Del. C.* § 2301, as follows:

" 'Injury' and 'Personal injury' mean violence to the physical structure of the body, such disease or infection as naturally results directly therefrom when reasonably treated, and compensable occupational diseases arising out of and in the course of the employment."

In this appeal Faline makes no claim for compensation for occupational disease, and indeed he is precluded from doing so by the definition of occupational disease found in 19 *Del. C.* § 2301. The claim before us is one for accidental injury.

This claim being one for accidental injury, an absolute requirement is that the claimant establish by probative evidence that he suffered an injury and that such injury was the result of an accident. The accident which caused the injury must furthermore be established by proof with a definite referral to time, place and circumstance. *Hendrickson v. Continental Fibre Co.*, 3 W.W.Harr. 304, 136 A. 375; *Belber Trunk & Bag Co. v. Menesy, supra.*

Faline has wholly failed to meet the requirement of the statute. At no place in the record is there any proof of unusual or extraordinary effort on his part which was immediately followed by his heart attack. The record demonstrates without contradiction that Faline was strick-

en while performing the ordinary routine of his job. Over a course of time preceding the attack he had experienced warning-pain symptoms from similar activity. It seems apparent to us that Faline was suffering from an idiopathic disease, perhaps aggravated by his usual work effort, but unaccompanied by and unrelated to injury by accident. As such, his case falls precisely within the rule of *Belber Trunk & Bag Co. v. Menesy, supra.*

*Philadelphia Dairy Products Co. v. Farran,* 5 Terry 437, 61 A.2d 400, does not aid Faline's case for the injury there, a heart attack, occurred immediately following unusual exertion by the claimant during an emergency occurring in the affairs of his employer. The type of exertion in the Farran case was not the usual work of the claimant. Furthermore, there was specific medical evidence before the Board that the unusual exertion of the claimant was the cause of his heart attack, and that the claimant had no past experience of a heart condition. The case is entirely different factually from the instant appeal.

However, Faline argues that if the Delaware rule precludes compensating him, we should overrule it on the strength of recent decisions in other jurisdictions which, he argues, now allow the award of compensation for heart attacks in the absence of proof of a causal connection between the employment and the injury.

Primary reliance is placed upon *Dwyer v. Ford Motor Co.,* 36 N.J. 487, 178 A.2d 161, a recent decision of the Supreme Court of New Jersey. We do not refer to other decisions cited by Faline on the point because we think the Dwyer case fairly representative of them. In the Dwyer case it was held that if a heart attack is caused or precipitated by ordinary strain of employment a compensable accident occurs, and there is no requirement that proof be made of unusual or excessive activity on the part of the

claimant. It is sufficient if proof be made that the claimant's usual work effort proved to be too much because of the condition of the claimant's heart. In so ruling the Supreme Court of New Jersey departed from prior rulings which required proof that the heart attack was caused or contributed to by an unusual employment effort or strain. See *Ciuba v. Irvington Varnish & Insulator Co.*, 27 N.J. 127, 141 A.2d 761.

We think the Dwyer case, as a practical matter, has transformed the New Jersey Workmen's Compensation Law into health insurance for the worker suffering from heart disease. As such, its result is directly opposite to the Delaware Law which as a basis for compensation requires proof of injury by accident. To adopt the rule of the Dwyer case would not only require us to overrule a line of decisions of our courts to that effect, but would also require us to amend our statute under the guise of statutory construction. The Delaware decisions have gone as far in this direction as any reasonable construction of the statute permits. We accordingly decline to construe the statute in order to emasculate it.

It may be desirable as social and economic policy to transform the Workmen's Compensation Law into health insurance against heart attack, but if it is desirable, that, we think, is a matter for the consideration of the General Assembly. Having once spoken against such a statutory policy, the General Assembly is the proper body to change the policy.

The judgment below is affirmed.