**GENERAL MOTORS CORPORATION, Employer-Appellant Below, Appellant,**

v.

**Otis M. VEASEY, Claimant-Appellee Below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 12, 1976.

Decided March 4, 1977.

---

fered. The Board awarded compensation, concluding that the claimant had suffered a compensable industrial accident; the Superior Court agreed. We affirm, but disagree with the reasoning of the Superior Court in its approach to the test of "unusual exertion".

Max S. Bell, Jr., Richards, Layton & Finger, Wilmington, for employer-appellant below, appellant.

Kenneth F. Carmine, Wilmington, for claimant-appellee below, appellee.

Before HERRMANN, C. J., McNEILLY, J., and MARVEL, Chancellor.

HERRMANN, Chief Justice:

In this workmen's compensation case, the determinative question is whether there was sufficient evidence to support the Industrial Accident Board's finding of "unusual exertion" and permanent disability.

### I.

The claimant's work involved unloading "basics", a unit used to move parts to the assembly line. The basic had two boards, approximately 6 feet by 2 feet in size, on which the parts were secured; both the boards and the parts were removed together. With the aid of a partner, it was the claimant's job to replace the empty boards on the basic. When a partner was not available, he did this alone by lifting the board, one end at a time, onto the basic. The injury in question occurred during one of the times when the claimant was working alone. While bending down to pick up the board, he felt a "snap in his back"; his physician later diagnosed the injury as a lumbosacral sprain.

At the Board hearing, the employer introduced evidence of the claimant's twenty-year history of back complaints. There was conflicting testimony both as to the weight ordinarily required to be lifted by the employee and the extent of the injury suffered.

### II.

The ultimate question is whether the claimant suffered an accident within the meaning of our Workmen's Compensation Law. In resolving that question, in a case of a pre-existing condition such as this, the injured employee must establish that he was engaged in an "unusual exertion" at the time of the injury. See, e. g., *Milowicki v. Post & Paddock, Inc.*, Del.Supr., 260 A.2d 430 (1969); *Reynolds v. Continental Can Co.*, Del.Supr., 240 A.2d 135 (1968); *Faline v. Guido and Francis DeAscanis & Sons*, Del.Supr., 192 A.2d 921 (1963).

Recently, in *Warren v. General Motors Corp.*, Del.Supr., 344 A.2d 248 (1975), in commenting upon the unusual exertion standard, we stated that, "the hazard occasioning a compensable occupational claim must not exist either in employment generally or in everyday life." *Id.* at 251. Unfortunately, the quoted language has resulted in uncertainty and diversity in the application of the "unusual exertion" test. Clarification is needed and is hereby undertaken.

Recent workmen's compensation cases appealed to this Court, including the instant case, indicate that at least three different frames of reference are being ascribed to the *Warren* language: (1) the claimant's particular occupational duties; (2) employment encompassing all vocations; and (3) ordinary non-employment life. E. g., *General Motors Corp. v. Kaminski*, Del.Super., Civil No. 5104 (1975); *General Motors Corp. v. Wyatt*, Del.Super., Civil No. 5008 (1975); *General Motors Corp. v. Veasey*, Del.Super., Civil No. 5427 (1974).

In *Wyatt* and the instant case, the Superior Court indicated that its frame of reference for determining the "unusual" was

with comparison to the exertion required in non-employment life. In *Kaminski,* the frame of reference was the labor market generally. This lack of uniformity of approach makes manifest the need for clarification of the *Warren* phraseology.

We abandon the quoted *Warren* language and its references to "employment generally" and "every day life."

■ We hold that in order to implement the "unusual exertion" test and carry out its intended purpose of assuring that it was the claimant's employment which was a "substantial cause" of his injury, the proper reference must be the employee's particular occupational duties. This means that, in order to meet the "unusual exertion" test, the claimant must show that his exertion was beyond that ordinarily required for the performance of his duties.

Pre-*Warren* decisions of this Court evidence the importance we place upon the employee's particular duties. For example, in denying compensation in *Faline v. Guido and Francis DeAscanis & Sons, supra.,* it was noted that, "[a]t no place in the record is there any proof of unusual or extraordinary effort on his part . . . [claimant] was stricken while performing *the ordinary routine of his job," id.* at 924 (emphasis added); and in distinguishing *Faline* from the prior case of *Philadelphia Dairy Products Co. v. Farran,* Del.Supr., 5 Terry 437, 61 A.2d 400 (1948), wherein recovery was allowed, it was emphasized that the exertion in *Philadelphia Dairy* "was not the usual work of the claimant." Nor is the relevance of the claimant's particular work limited to "accident" cases. To illustrate, in *Air Mod Corporation v. Newton,* Del.Supr., 9 Storey 148, 215 A.2d 434, 441–42 (1965), we stated that:

"There is a common element generally running through the statutory definitions, however, that of the distinctive relation of the disease to the nature of the employment, as contrasted with diseases which might just as readily be contracted in other occupations, or in everyday life, apart from employment . . .

. . . . .

We hold that a compensable occupational disease, within the meaning of the Act, is one resulting from the peculiar nature of the employment . . . attaching to that occupation a hazard different from, and in excess of, the hazards attending employment in general."

Our holding is also consistent with those cases wherein a claimant is not suffering from a pre-existing condition, and a showing of "usual exertion" is sufficient for recovery. See, e. g., *Gray's Hatchery & Poultry Farms, Inc. v. Stevens,* Del.Super., 7 Terry 191, 81 A.2d 322 (1950); *Milowicki v. Post & Paddock, Inc., supra,* at 432. Since "usual" exertion will be encountered in the performance of the employee's usual duties, it is logical to consider an "unusual" exertion also with reference to those particular duties.

### III.

■ In reviewing the sufficiency of the evidence to support the Board's factual findings, our inquiry is limited to the determination of whether there was "substantial" evidence sufficient to support those findings. As we have noted:

"*Some* evidence, or *any* evidence, may be insufficient to support the factual findings of the Board. The evidence must be substantial; and it is the duty of the reviewing court to weigh and evaluate the evidence for sufficiency to support the findings."

*M.A. Hartnett, Inc. v. Coleman,* Del.Supr., 226 A.2d 910, 912 (1967) (emphasis by Court). Upon the record before us, we cannot say that such satisfactory proof is lacking on either the finding of unusual exertion or of 5 percent permanent disability.

■ The medical testimony of one doctor, while not in agreement with that of the other two testifying physicians, was sufficient competent evidence in support of the permanent disability finding.

■ Similarly, there was sufficient evidence to support the Board's finding that the performance of the claimant's duties,

unaided by his usual helper, constituted unusual exertion. Resolution of the conflicting evidence as to the weight of the board and the claimant's usual duties, including the method of performance, were decisions for the Board.

\*    \*    \*    \*    \*    \*

Affirmed.