**BOULEVARD ELECTRIC SALES,**
Employer-Appellant,

v.

**Thomas WEBB, Claimant-Appellee.**

Supreme Court of Delaware.

Submitted Dec. 10, 1980.
Decided March 11, 1981.

John J. Schmittinger (argued) and Douglas W. Lundblad of Schmittinger & Rodriguez, Dover, for employer-appellant.

Robert W. Ralston (argued) of Prickett, Jones, Elliott & Kristol, Wilmington, for claimant-appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

This Workmen's Compensation case is before the Court a second time on an appeal by Boulevard Electric Sales ("employer"). Following an injury to his lower back during the course of his work for the employer, Thomas Webb ("claimant") filed a petition for compensation with the Industrial Accident Board ("Board"). The Board held a hearing on the petition and issued an award of temporary total disability compensation to the claimant in July, 1975. The Superior Court affirmed the award on appeal, but this Court, 385 A.2d 144, remanded the case for supplementation of the record on the issue of "unusual exertion" in light of the then recently rendered opinion in *General Motors Corporation v. Veasey*, Del.Supr., 371 A.2d 1074 (1977). The Board held a remand hearing in June, 1978, and issued its supplemental findings of fact in July, 1978. In its second opinion, the Board essentially affirmed its prior award finding that the claimant had made a proper showing of "unusual exertion" under the *Veasey* standard. The Superior Court once again affirmed, and that decision is now before the Court for review. We affirm in part but must reluctantly remand the case for further proceedings.

I

The facts relating to the occurrence of the claimant's injury are not seriously disputed by the parties. On the day of the incident, while working in his normal capacity as an appliance repairman, the claimant had gone to a residence to repair a customer's washing machine. In order to gain access to the back of the machine the claimant found it necessary to first move an adjacent refrigerator-freezer (on coasters) away from the wall and then move the washer-dryer away from the wall. In the course of so doing the claimant also had to move a 50 lb. sack of potatoes from in front of the appliances. Upon inspecting the washing machine, the claimant found a defective transmission which he removed from the machine, intending to take the part back to his employer's premises for

repair. He then replaced the appliances against the wall and carried his 40–50 lb. tool box out to his truck. Upon returning to the house, the claimant bent over to pick up the transmission and felt a sudden painful stinging sensation in his lower back. He hesitated momentarily and then proceeded to pick up the transmission and carry it out to the truck. It is this occurrence upon which claimant's application for compensation was based.

In its first decision the Board made three central findings of fact: that the claimant did not suffer from a back condition or weakness prior to the injury which was the subject of this action; that, assuming *arguendo* the claimant did suffer from a pre-existing back problem, he was nonetheless entitled to compensation as the activities which led to the injury constituted "unusual exertion" under the decisional law of Delaware; and that the injury rendered the claimant physically incapable of working as of the time of the first hearing. In affirming on the first appeal, the Superior Court primarily focused on the latter two findings and held that there was sufficient evidence to support the award by the Board. When the first appeal reached this Court, we were concerned that an improper rule of law might have been applied below in the determination of "unusual exertion" and, therefore, remanded the case for supplementation of the record and application of the rule announced in the intervening case of *General Motors Corporation v. Veasey, supra.*

At the second hearing, held almost three years after the first hearing, the Board understandably but erroneously interpreted the remand order as limiting the scope of its inquiry solely to the issue of "unusual exertion." The employer sought to introduce evidence tending to show that the claimant was no longer totally physically incapacitated from working, but the Board essentially ruled the matter irrelevant under the terms of the remand order. Thus, the evidence at this hearing was limited to testimony by the claimant concerning his normal employment activities and his activ-

ities on the day of the injury, and testimony by the claimant's supervisor concerning the activities normally required of appliance repairmen.

In its second decision the Board, apparently crediting the claimant's testimony that he had never before had to move a sack of potatoes in order to gain access to an appliance which he was to repair, concluded "that the unusual exertion of moving the bag of potatoes preceded the moving of the refrigerator and the 'clumsy' washer and dryer causing the claimant's back injury." The Board believed this finding was sufficient to satisfy the *Veasey* rule and to support the award of compensation to the claimant.

On the second appeal, the Superior Court affirmed the Board's finding of "unusual exertion" within the scope of the *Veasey* rule. The Superior Court implicitly recognized, however, that if the Board's earlier finding of no pre-existing back condition was supported by the evidence, then the claimant was entitled to compensation upon showing an injury resulting from "unusual exertion" during the course of his employment, citing *Veasey*, 371 A.2d at 1076. The Superior Court further found at least arguable merit in the employer's contention that the Board at the second hearing should have considered the state of the claimant's disability through the date of that hearing, given the lengthy passage of time since the initial award. However, the Superior Court also construed this Court's remand order as limiting the scope of inquiry solely to the *Veasey* "unusual exertion" issue.

Following this tortured history, the case is back before this Court for full appellate review.

## II

■ As indicated, the Board in its first decision found as fact that the claimant was not suffering from a pre-existing back condition. "[U]nder the law of this State, a showing of unusual exertion is a prerequisite of compensability where the injury is due, in part at least, to the aggravation of a pre-existing physical weakness." *Milowicki v. Post and Paddock, Inc.*, Del.Supr., 260 A.2d 430, 432 (1969). On the other hand, where "a claimant is not suffering from a pre-existing condition, . . . a showing of 'usual exertion' is sufficient for recovery." *General Motors Corporation v. Veasey, supra*, 371 A.2d at 1076. Therefore, if the instant record contains substantial evidence to support the Board's finding of no pre-existing back condition, then the claimant need not have proved "unusual exertion" leading to an injury in order to establish his entitlement to compensation.

■ Although the employer introduced documentary evidence, in the form of somewhat ambiguous hospital records, to show that the claimant had, in the past, suffered from back problems, the claimant vigorously disputed the accuracy of the information in those records and unequivocally denied ever having any notable problems with his lower back. Thus, a question as to the claimant's credibility on this factual issue was presented, and it was for the Board as the trier of fact to resolve the credibility question. Since the Board obviously decided to believe the claimant's testimony, there was substantial evidence to support its finding of no pre-existing back condition. Consequently, no showing of "unusual exertion" was required, and the Board's 1975 award of temporary total disability compensation must be affirmed.*

---

* Although it is not necessary for this Court to reach the "unusual exertion" question in this case, we take the opportunity to comment on the findings on this issue in order to provide future guidance to the Board in applying the *Veasey* rule. The *Veasey* test states:

"that, in order to meet the 'unusual exertion' test, the claimant must show that his exertion was beyond that ordinarily required for the performance of his duties."

371 A.2d at 1076.

The evidence before the Board showed that the claimant was regularly required to move heavy appliances in order to repair them, and that he often had to lift heavy objects, including such things as his tool boxes and bulky appliance parts, in the course of his job. In light of this undisputed evidence, the Board's conclusion that the exertion expended by the claimant in moving a 50 lb. bag of potatoes and

### III

■ Having determined that the 1975 award must be affirmed, there remains but one issue to be considered on this appeal. As noted previously, the second hearing before the Board was held almost three years after the 1975 award was entered by the Board. At the second hearing the employer sought to contest the claimant's continued status as totally disabled. In support of this claim, the employer was prepared to introduce evidence tending to show that in the interim since the first hearing the claimant had been substantially employed in various capacities. In fact, a limited amount of evidence on this issue came in at the hearing, despite the ruling by the Board that it would only consider the *Veasey* "unusual exertion" issue because that was the sole issue to which this Court's remand order was expressly directed. Consequently, the Board made no findings in its second decision as to whether the claimant then continued to be totally disabled, either physically (as was established at the first hearing) or economically. See *Franklin Fabricators v. Irwin*, Del.Supr., 306 A.2d 734 (1973).

In affirming the Board's second decision, the Superior Court recognized that the claimant's continued disability status was a viable issue in the case. However, that Court also construed our remand order as limiting the scope of its inquiry to the *Veasey* "unusual exertion" question and, therefore, declined to remand the case to the Board on the question of the claimant's continued disability status.

Although our remand order expressly directed the attention of the Board and the Superior Court to reconsideration of the "unusual exertion" issue, nothing in that order expressly or by necessary implication prohibited either of those tribunals from considering any other relevant issues which might arise during the course of the remand proceedings. The limited construction applied to our remand order was, under the circumstances, understandable, and we do not intend to be critical of the Board or the Superior Court for their reading of the order. But in fairness to the employer, we are compelled to hold that the Board and the Court below erred in so construing the remand order and in refusing to consider the issue of the claimant's continued disability status.

Turning now to the substantive issue, we note the following:

At the first hearing in 1975, the employer's medical expert testified that the claimant was physically capable of performing some kind of work in the marketplace. However, the claimant's medical expert, his treating physician, testified that as a result of the injury to his back the claimant was totally disabled from working, although he could not make an assessment of the extent of any permanent disability at that time. This testimony provided substantial evidence on which the Board could find, as it did, that the claimant was entitled to temporary total disability compensation as of the 1975 hearing. At the second hearing in 1978, the employer sought to show that the claimant was no longer totally disabled, but the Board refused to₀consider the employer's evidence on this issue.

Clearly, the mere fact that the claimant was found in 1975 to be temporarily totally disabled is not sufficient, in and of itself, to conclude that as of 1978 he continued to be so disabled. Depending on developments which may have occurred in the interim between the two hearings, the claimant may or may not have continued to be total-

---

the appliances was unusual in his job as a repairman does not appear to be sound. Accepting the claimant's testimony that he had never before had to lift and move a 50 lb. bag of potatoes in the course of his employment, that was, an unusual *activity*; but the crux of the *Veasey* test is the *exertion* ordinarily required on a given job as compared to the exertion which leads to an injury on a particular occasion. In other words, while the activity that causes an injury on the job may be unusual in light of the activities normally required of the worker, if the exertion expended in the unusual activity is no more than the exertion normally required of the worker in the course of his usual duties, the *Veasey* test is not satisfied.

ly disabled. Given the length of time between the two hearings and the employer's evidence tending to show a termination or lessening of the claimant's disability at the time of the second hearing, we hold that it was error for the Board to refuse to consider this question. Therefore, the case must be remanded for a further hearing before the Board at which both parties will be permitted to present any relevant evidence in support of their respective positions as to the continuation, since the 1975 award, of the claimant's total disability. Such evidence may include (but is not necessarily limited to) expert medical testimony concerning the extent of the claimant's physical disability as well as evidence concerning the claimant's possible economic disability under the "displaced worker" doctrine. See *Franklin Fabricators v. Irwin, supra.* The Board is directed to make all necessary findings of fact and conclusions of law pertinent to this question and to enter whatever award it deems appropriate under the circumstances. Also, given the lengthy legal gauntlet through which this case has already run, we direct the Board and the Superior Court (if there be a further appeal by either party) to give this case priority attention to the greatest extent possible.

The Superior Court's affirmance of the 1975 award of temporary total disability compensation is hereby AFFIRMED, and the case is REMANDED to the Superior Court with instructions to remand to the Board for further proceedings consistent herewith.

So ordered.