Anthony F. TALMO, Plaintiff Below, Appellant,

v.

NEW CASTLE COUNTY, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 12, 1982.

Decided: Dec. 23, 1982.

Harvey B. Rubenstein (argued), Wilmington, for appellant.

B. Wilson Redfearn, Colin M. Shalk (argued), of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY, QUILLEN, HORSEY and MOORE, JJ., constituting the Court en Banc.

HERRMANN, Chief Justice:

In this appeal from a decision of the Superior Court affirming a denial by the Industrial Accident Board (hereinafter "the Board") of workmen's compensation benefits, we are asked to reconsider the "unusual exertion" standard of compensability presently applied by this Court in pre-existing physical condition cases. *See General*

Motors Corp. v. Veasey, Del.Supr., 371 A.2d 1074 (1977).

I.

The claimant, Anthony F. Talmo, was employed with the New Castle County Department of Public Works as a maintenance and construction worker during the period November, 1972 through July, 1980. In July, 1980, Talmo was 63 years of age and was overweight. There was concern about Talmo's health at the time of the inception of his employment. His pre-employment medical papers indicated that he was physically qualified "with restrictions." Therefore, his supervisor assigned him to work less strenuous than would have otherwise been the case. His assigned duties involved removing, resealing, and replacing 200-pound manhole covers with the assistance of another. Specifically, Talmo's regular work involved raising the cover several inches with a tool, sliding it to the side, cleaning the seal and replacing the cover. Talmo worked on about 100 manhole covers each week.

On July 17, 1980, the claimant suffered a myocardial infarction while lifting his second cover of the day with the help of a fellow employee. He petitioned the Board for compensation pursuant to 19 *Del.C.* § 2304.[1]

At the hearing before the Board, Dr. Constantine W. Michell, Talmo's treating physician, testified that he started complaining of chest pain in October, 1979. As a result, Dr. Michell prescribed a medication and advised Talmo to go on light duty. However, Talmo did not heed the advice because he feared losing time. On July 15, 1980, he complained of a recurrence of chest pain. Dr. Michell increased the medication and scheduled a reexamination for 2 days

---

1. 19 *Del.C.* § 2304 provides:

"§ 2304. Compensation as exclusive remedy.
"Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies."

later, the date on which the heart attack occurred.

Dr. Michell testified that while the lifting of the manhole cover was the activity most proximate to the heart attack and would have or could have precipitated the infarction, several other factors affected the claimant at the time, i.e., carcinoma, anemia, diabetes, age, and weight. Dr. Michell concluded that, given Talmo's pre-existing condition, the infarction was inevitable as a result of any type of exertion.

Dr. Anthony Lombardi, who had reviewed Talmo's medical file but had not examined him, testified that Talmo was suffering from a cardiac disease prior to the date of the infarction and, based upon the angina pain pattern, a heart attack was inevitable.

The Board found that the infarction was the result of an insidious disease and was, therefore, not compensable. The Board also found that no unusual exertion was present at the time of the infarction since it was unquestionably within Talmo's regular duties to lift manhole covers with the help of a fellow employee as he was doing at the time he was stricken.

On appeal, the Superior Court affirmed, 444 A.2d 298, holding that substantial evidence supported the conclusion of the Board that Talmo's injury was not the result of an unusual exertion and was not, therefore, a compensable "accident" under Delaware law. We affirm.

II.

Talmo urges us to abandon the unusual exertion standard reviewed by this Court most recently in *Veasey*, and to adopt the standard espoused by Professor Larson in his treatise. 1A Larson, *Workmen's Compensation* §§ 37 and 38.

In *Veasey*, this Court considered the three frames of reference in which an exertion may be considered "unusual": (i) the claimant's particular occupational duties; (ii) employment encompassing all vocations; and (iii) ordinary non-employment life. This Court there held that the exertion must be unusual as compared to the claimant's particular occupational duties so that there may be some assurance that the employment was a substantial cause of the injury. 371 A.2d at 1075–6.

The *Larson* standard is directed to the third frame of reference considered in *Veasey*, asking whether the claimant's on-the-job exertion was greater than the exertion of a reasonable man in everyday non-employment life. Talmo urges upon us the *Larson* rationale: that the *Veasey* unusual-exertion-in-employment rule discriminates against any laborer with a pre-existing heart condition whose job requires strenuous physical exertion as a regular part of his employment; that in such situation, heart attacks will seldom, if ever, be compensable; that laborers will be penalized solely for performing heavy work as a regular job; that, by contrast, an office worker with the same kind of heart condition, but whose regular duties do not include strenuous physical exertion, will be compensated if a heart attack is suffered while moving a large desk. *See* 1A Larson, *Workmen's Compensation* § 38.80.[2]

In support of the *Veasey* rule, the employer here argues that the *Larson* standard disregards the probability that it was mere-

2. Application of the *Larson* standard raises several concerns. First is the question of definition: who is the average man in non-employment life? Is he the average man with a heart condition or the man who is perfectly healthy? Second, how is the comparable level of activity in non-employment to be determined and by whom? For example, how does one compare lifting 200-pound manhole covers on-the-job with jogging 5 miles per day? And would a referee be competent to make that comparison? Third, it seems probable that those persons who are meant to be benefitted by the standard—laborers with heart conditions—might actually suffer from inevitably increased screening and medical examinations by employers. See Comment, 81 Dick.L.Rev. 111 (1976).

ly fortuitous that Talmo's infarction manifested itself on the job rather than, for example, at home or in his automobile driving home. Indeed, as the employer points out, Talmo's treating physician testified that any exertion could have triggered his infarction. Thus, it is argued, a physical condition, with no relation to the employee's duties but which manifests itself during the course thereof, would become compensable under the *Larson* standard—thereby transforming our Workmen's Compensation Law into a health insurance statute.

Both approaches to the question here presented have weaknesses and potential inequities. But we do not reach the issue in this case. Here the medical testimony supports the conclusion that the heart attack was inevitable. Thus, the record does not support a departure from *Veasey.*

If this Court has misconstrued the legislative intent as to the meaning of "accident arising out of and in the course of employment" in § 2304, language first adopted here in 1915, we leave it to the General Assembly to chart a new course by appropriate clarification of the Statute, along with the other substantial aspects of the Workmen's Compensation Law now under consideration by the General Assembly.[3] *See Reynolds v. Continental Can. Co.,* Del. Supr., 240 A.2d 135 at 136; *Faline v. Guido & Francis Deascanis & Sons,* 6 Storey 202, 192 A.2d 921 at 924.

\* \* \* \* \*

AFFIRMED.

---

**3.** Noteworthy is *Hamilton v. Procon, Inc.,* Pa. Supr., 434 Pa. 90, 252 A.2d 601 (1969) for the recently adopted Pennsylvania rule (created by legislative elimination from the Pennsylvania Workmen's Compensation Law of the "by accident" element) that regardless of previous physical condition, an injury is compensable if the ordinary stress and strain of employment is a substantial cause of the injury. *See also Pa. Stat.Ann.* tit. 77 § 41 (Supp. 1975).