HAVEG INDUSTRIES, INC., Employer-
Appellant Below, Appellant,

v.

Samuel A. HUMPHREY, Employee-Ap-
pellee Below, Appellee.

Supreme Court of Delaware.

Submitted: Dec. 9, 1982.

Decided: Jan. 20, 1983.

Daniel F. Lindley (argued) of Potter, Anderson & Corroon, Wilmington, for employer-appellant.

Sidney Balick (argued) of Aerenson & Balick, Wilmington, for employee-appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

QUILLEN, Justice:

This is an appeal from the Industrial Accident Board which determined that the claimant, Mr. Humphrey, was entitled to total disability benefits for the period from November 10, 1978 until May 21, 1979. On appeal to the Superior Court, the decision was affirmed. We also affirm.

The contested findings of the Board are contained in paragraphs 1 and 2 of its Conclusions of Fact and Rulings of Law. The Board said:

1. The claimant, Samuel A. Humphrey, was involved in a compensable industrial accident on October 13, 1978. He injured his back while putting in overhead pipe for his employer. As a result of this accident the claimant was hospitalized from November 10, 1978 to December 15, 1978. After his release from the hospital, the claimant was unable to return to work until May 21, 1979.

2. The claimant is entitled to compensation for total disability in accordance with 19 Del.C. § 2324 for the period November 10, 1978 to May 21, 1979.

. . .

The Superior Court affirmed these findings, holding that the record provided substantial and competent evidence to support the decision of the Board.

Haveg Industries, Inc. has appealed, contending that that decision of the Board was not based on substantial evidence and that the Board committed reversible error in precluding testimony from two of its witnesses. Further, it argues that the Superior Court acted beyond its appellate capacity in supplying findings of fact and theories of law to support a factually insufficient opinion rendered below. Finally, Haveg alleges that there is no substantial evidence to establish the period of Mr. Humphrey's total disability.

Mr. Humphrey has been employed by Haveg since 1963. The uncontradicted testimony was that he had no back pain, back problems, or back injuries before he entered into Haveg's employment and that the only prior injuries to his back were employment related. On October 13, 1978, he reported a back injury to his employer. On or about November 10, 1978, he entered the hospital for a month's treatment and subsequent to that hospitalization he received physical therapy. He received sick and accident benefits for twenty weeks under a company policy.

Mr. Humphrey was examined by a physician of Haveg's choice on June 1, 1979, ten days after his return to work. The physician, Dr. Cates, was Haveg's only witness before the Board. Dr. Cates found evidence of a back condition which predated the time of his examination in 1979. The Superior Court affirmed the Board decision, including in its opinion a refutation of Haveg's argument that reversal was required because evidence of Mr. Humphrey's prior back injuries mandated the use of the unusual exertion standard of legal causation.

Haveg does not dispute that Mr. Humphrey suffered an accident in October, 1978. Rather, it presents two alternative arguments regarding the sufficiency of the evidence underlying the Board finding of a compensable industrial accident. First, it argues that the accident occurred in a non-employment setting. Aside from Haveg's counsel's allegations as to hypothetical sources of injury, there was no record support for this contention. In reference to this lack of record support, Haveg argues that the Board's action excluding testimony of two of its witnesses because of a violation of Industrial Accident Board procedural rule 9(D)(3), concerning disclosure of names of witnesses at the pretrial conference, was an "egregious" abuse of discretion and severely prejudiced its defense. Thus, it contends, that ruling should have been reversed by Superior Court.

Haveg cites Federal cases construing an analogous Federal rule; *Meyers v. Pennypack Woods Home Ownership Ass'n,* 3d Cir., 559 F.2d 894, 904 (1977) and *DeMarines v. KLM Royal Dutch Airlines,* 3d Cir., 580 F.2d 1193, 1202 (1978). It argues that these cases support its contention that in the absence of prejudice to the other party and/or when the evidence is of practical importance to the case, the Board should have allowed the evidence.

Under Rule 9(D)(3) the names of all witnesses "shall" be contained in the pretrial memorandum which can be amended up to five days before the hearing. Also, it appears that the Board has discretion to modify the pretrial memorandum at any time under rule 9(B). Haveg contends that the omission of its two witnesses' names was inadvertent and that Mr. Humphrey should have expected their testimony, based upon prior exchanges between counsel.

■ We agree with the Superior Court. There was no abuse of discretion in enforcing a well-known procedural rule. Such an action serves the interests of order and efficiency in Board proceedings as well as the prevention of unfair surprise. Further, it is incumbent on counsel to peruse these documents for accuracy since they control the ensuing proceedings. *Bethlehem Shipbuilding Corp. v. Mullen,* Del.Super., 119 A. 314, 316–17 (1922). The Board, therefore, in its judgment, could properly exercise its discretion to exclude the testimony since Haveg failed to notice the omission until the hearing was actually underway.

Secondly, Haveg also argues that both the Board and the Superior Court applied an incorrect standard of law since Haveg's physician testified that the injury was the result of a pre-existing condition. Therefore, it argues, Mr. Humphrey should have been required to prove that the injury was the result of unusual exertion which rapidly accelerated that pre-existing condition. *See General Motors Corp. v. Veasey,* Del.

Supr., 371 A.2d 1074, 1076 (1977), *Talmo v. New Castle County,* Del.Supr., 454 A.2d 758 (1982).

■ However, there is no evidence in this record which requires a finding that Mr. Humphrey's injury was the result of a pre-existing condition. Haveg's physician did state that Mr. Humphrey, like many, if not most, people, was susceptible to back injury, and that Mr. Humphrey's general condition pre-existed the June 1, 1979 examination. But he also stated that the fact of prior back surgery in 1974, which resulted from a similar industrial accident, "would not have anything to do with" a new injury. Thus, the evidence supports the Board's finding of an independent injury on October 13, 1978 and the usual exertion test was appropriate.[1] *Barone v. McCormick Transportation Co.,* Del.Supr., 135 A.2d 140, 142 (1957); *Boulevard Electric Sales v. Webb,* Del.Supr., 428 A.2d 11, 13 (1981); *GMC v. Freeman,* Del.Supr., 157 A.2d 889, 894, aff'd, Del.Supr., 164 A.2d 686, 688–89 (1960).

■ Haveg further argues that the Board did not support its conclusion with adequate reasons. Reversal is not always required because the Board fails to make its findings in expansive terms. If appropriate, reviewing courts can look at subordinate facts underlying the Board's conclusions when those facts can be determined, by implication, from the ultimate conclusion. *Board of Public Education v. Rimlinger,* Del.Supr., 232 A.2d 98, 101 (1967); *Husband M v. Wife D,* Del.Supr., 399 A.2d 847, 848 (1979). In this case, although the findings could have been somewhat more expansive and comprehensive, they are minimally satisfactory as they reflect substantial record evidence that a separate accident occurred in the course of employment at a certain place and time. *Barone v. McCormick Transportation Co.,* 135 A.2d at 142. Rejection of the defense of pre-existing injury is implicit in these findings. *LeTour-*

---

1. We make no finding as to whether the evidence could satisfy the unusual exertion test of *General Motors Corp. v. Veasey,* Del.Supr., 371 A.2d 1074 (1977). The Board here found a particular injury from a particular accident not causally-connected with a pre-existing injury.

neau v. Consolidated Fisheries Co., Del. Supr., 51 A.2d 862, 867 (1947); Penn Del Salvage, Inc. v. Wills, Del.Supr., 282 A.2d 613, 614 (1971).

■ Haveg further objects to the Superior Court affirmance on a rationale not asserted before the Board. The language in the Superior Court opinion of "gradual deterioration [of an] employee's health" and the attendant discussion of the *Chicago Bridge and Iron Co. v. Walker*[2] cumulative detriment theory cannot be characterized as an affirmance on an unproven rationale. Rather, such a discussion was the natural analysis of the facts of this case in light of Haveg's claim of pre-existing injury.

In *Chicago Bridge and Iron Co. v. Walker*, Del.Supr., 372 A.2d 185, 188 (1977), we noted that a disabling condition is compensable if the performance of employment duties and the existence of work habits contribute to or aggravate the development of the condition. Thus, while perhaps not raised frequently enough, the cumulative detrimental effect of employment can be the other side of the coin of a claim of pre-existing injury. This analysis must necessarily be made when there is a claim of pre-existing injury and the evidence shows, as here, repeated and similar injury only in the usual course of employment. The Superior Court discussion was merely a part of a complete response to Haveg's contention. That Court correctly determined that the Board's findings were based on substantial evidence and could not be disturbed on appeal. *Windsor v. Bell Shades and Floor Coverings*, Del.Supr., 403 A.2d 1127, 1129 (1979).

■ The final contention made by Haveg is that the duration of the total disability period as found by the Board is not supported by substantial evidence. This claim is predicated on admittedly incomplete factual data on this issue. However, the record does provide information establishing the date of the accident, the date and duration of subsequent hospitalization, the fact that Mr. Humphrey underwent inpatient physical therapy subsequent to the hospitalization, that he received the maximum twenty-week company paid health and accident insurance benefits, and that he suffered residual pain and limitation of movement upon his return to work in May. We think that this evidence is sufficient to support the Board's finding as to the relatively short duration of total disability from November 10, 1978 to May 21, 1979.

Therefore, the decision of the Superior Court is affirmed.

---

2. Del.Supr., 372 A.2d 185, 188 (1977).